IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

BECKHAM COUNTY
FILED
SEP 17 2020
DONNA HOWELL
BY _____ COURT CLERK
DEPUTY

RALPH OLIVER
        Petitioner,

v.                                                    Case No. WH-2020-2

OKLAHOMA DEPARTMENT OF CORRECTIONS;
SCOTT CROW, Director of DOC;
TONIA DICKERSON, Manger Sentence Administration;
JIMMY MARTIN, Warden of NFCC;
STEPHANIE ORMAND, NFCC Records Officer
        Defendants.

## PETITION OF WRIT OF MANDAMUS (12 OS §1451 ET SEQ)  AND / OR HABEAS CORPUS (12 OS § 1331 ET SEQ)

COMES Now, Ralph Oliver, Petitioner pro se, states and alleges by way of the required form, for an inmate, (12 O.S. 2003.1) to the Court, the enumerated items below.  In addition, the Petitioner reminds the Court that he is a layman in the law and without legal training or education.  Therefore, he requests this Honorable Court provide liberal construction to this motion. Haines v. Kerner, 92 S.Ct 594 (1972); Hall v. Bellmon, 935 F.2d 1156 (10th Cir. 1991).

1) The Petitioner's present address is North Fork Correctional Center, 1605 E. Main Street, Sayre, Oklahoma 73662.

2) The Petitioner has been a resident of the State of Oklahoma for 22 + years.

3) The Defendant(s)

    a) The Department of Corrections, which is an agency of the State of Oklahoma. The Defendant's address is General Counsel, David Cincotta  P.O. Box 11400, Oklahoma City, OK 73136,   or   3400 M.L. King Ave. Oklahoma City, OK  73111

    b) The Defendant Scott Crow, is employed by the Department of Corrections as the Director of the Department of Corrections.  The Defendant's employment address is 3400 M. L. King Ave. Oklahoma City, OK  73111. At the time the claim(s) alleged in

**Exhibit 2**

this complaint arose, was this Defendant acting under Color of state law? __X__ Yes, or, ____ No. If answer is "yes", briefly explain: The Director is ultimately responsible for all DOC Policies.

c) The Defendant Tonia Dickerson, is employed by the Department of Corrections as the Administrator of the Sentence Administration and Offender Records Unit. The Defendant's employment address is 3400 M. L. King Ave. Oklahoma City, OK 73111. At the time the claim(s) alleged in this complaint arose, was this Defendant acting under Color of state law? __X__ Yes, or, ____ No. If answer is "yes", briefly explain: The Administrator is responsible for following and ensuring that DOC employees follow the DOC Policies and Procedures.

d) The Defendant Jimmy Martin is employed by the Department of Corrections at North Fork Correctional Center as the Warden. The Defendant's employment address is 1605 East Main Street, Sayre, OK 73662. At the time the claim(s) alleged in this complaint arose, was this Defendant acting under Color of state law? __X__ Yes, or, ____ No. If answer is "yes", briefly explain: The Warden is responsible for following and ensuring that North Fork Correctional employees follow the DOC Policies and Procedures.

e) The Defendant Stephanie Ormand is employed by the Department of Corrections at North Fork Correctional Center as a Records Officer. The Defendant's employment address is 1605 East Main Street, Sayre, OK 73662. At the time the claim(s) alleged in this complaint arose, was this Defendant acting under Color of state law? __X__ Yes, or, ____ No. If answer is "yes", briefly explain: The NFCC Records Officer is responsible for following and ensuring that the DOC Policies and Procedures are followed.

4) Jurisdiction:

Although a person my request an improper writ, if the cause is tried without objection to the remedy sought *** the petitioner is entitled to the relief sought although under a different form of writ, the court has the power and should grant the proper relief" Stewart v. Judge of 15th Judicial Dist. 542 P.2d 945, 947 (1975 OK 156). See also Woolen v. Coffman, 676 P.2d 1375, 1376.

**Exhibit 2**

a)  Mandamus: Pursuant to Oklahoma State 12 O.S. § 1451 et. seq., "To compel the
performance of any act which the law specially enjoins as a duty resulting from an
office, trust or station; it cannot control judicial discretion.  And OCCA Rule 10.6 (B).
A writ of mandamus is appropriate against prison officials when a prisoner's
minimum due process right have been violated. Johnson v. Department of Corrections,
916 P.2d 264, 265 (1996 OK CR 18), quoting Waldon v. Evans, 861 P.2d 311, 313
(Okla Cr. 1993)

b)  Habeas Corpus:  Pursuant to Oklahoma State, 12 O.S. § 1331, "every person
restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas
corpus to inquire into the cause of the restraint, and shall be delivered therefrom when
illegal." "The proper procedure for seeking review of the administration of a sentence
by the DOC is to file a petitioner for writ of habeas corpus in the district court of the
county where the inmate is being restrained." Daniels v. State, 809 P.2d 68.
The only issue a petitioner for writ of habeas corpus presents is whether or not the
petitioner is retrained of his liberty by due process of law.  That is to say, whether the
court in which the prisoner was convicted had jurisdiction of the person of the
defendant and the crime charged, and if the court had authority by law to render the
particular judgment.
The Oklahoma Court of Criminal Appeals has repeatedly held that the writ of habeas
corpus is limited to cases in which the Judgment and Sentence is clearly void.  The
burden of proof is upon the petitioner to sustain the allegations thereof.  And the error
must affirmatively appear from the record, it is never presumed.  The only issue a
petitioner for writ of habeas corpus presents is whether or not the petitioner is
restrained of his liberty by due process of law: that is to say whether the court [or
agency] in which the prisoner was convicted [or re-sentenced] had jurisdiction ... and
if the court [agency] had authority by law to render the particular judgment. Tuggle v.
Page, 427 P.2d 439, 1967 OK CR 73 [emphasis and inserts added]
It has been repeatedly been held by this Court [OCCA] that one is not entitled to be
released from Penitentiary on a Writ of Habeas Corpus, unless the judgment and
sentence under which he as serving is void.  Ex parte Brewster, 284 P.2d 755, 1955
OK CR 69

3

**Exhibit 2**

The office of a writ of habeas corpus is not to determine the guilt or innocence of the prisoner and the only issue, which presents is whether he is restrained of this liberty by due process of law.  Ex parte McAllister, 94 Okla Crim 196, 232 P.2d 649

5)  Venue:

    a)  Mandamus:  The writ of mandamus may be issued by Supreme Court or District Court, or any justice or judge, [] to any inferior tribunal, corporation, board or person. Therefore, the District Court of Beckham County has venue and personal jurisdiction.

    b)  Habeas Corpus:  Pursuant to 12 O.S. § 131 et.seq, "Actions brought where subject located."  "Challenges to unlawful custody or restraint must be initiated pursuant to the constitutional right of the writ of habeas corpus in the county where the prisoner is being held in accordance with the procedures set for in 12 O.S. 1331 et. seq."  Mahler v. State, 783 P.2d 973 (1989 OK CR 82) Therefore, District Court of Beckham County, State of Oklahoma, has the venue and personal jurisdiction.

6)  Briefly state the facts of the case:

    a)  Petitioner was originally charged for three (3) counts of Sexually Battery a Minor Child (SEXBC) under Title 10 O.S. § 7115.  Petitioner was found guilty by the Tulsa County District Court on all three (3) counts and sentenced to 15 years for each count to be served consecutively.  The Jury assessed that the crimes were committed on May 1, 1999.  (See Exhibits 1 and 2)

    b)  The mandatory 85% sentencing rule, for certain felony offenses, became effective on March 1, 2000. (21 O.S. § 12.1).  Thereby, for certain felony offenses, which Sexually Battery a Minor Child is one (21 O.S. § 13.1), if the offense happened prior to March 1, 2000 the punishment was not a mandatory 85% of the sentence.

    c)  DOC Sentence Administration correctly billed Petitioner in the DOC system using the "date of offense" as May 1, 1999. (Exhibits 3, 4, 5; 6, 7, 8, 13, 29, & 30)

    d)  Petitioner discharged his first sentence on September 14, 2008, (Exhibit 8, page 2 of 3) and re-billed to his second sentence.

    e)  On or about October 25, 2012, DOC Sentence Administration completed a "Time Calculation Audit". (Exhibits 9 and 10)  Defendants' discovered that Petitioner's Trial Courts Judgment and Sentencing Orders did not contain "Dates of Offense" or "Statutory Reference."  And Defendants' failed to contact the sentencing court to

**Exhibit 2**

obtain missing information in the Judgment and Sentencing Order (Exhibit 1), as required by law (22 O.S. 37, 22 O.S. § 977 (A) (4), 978, 979) and DOC Policy (DOC  P – 010300, DOC OP – 060100 & OP – 060211).

f)   The audit wrongfully determined the "date of offense" was 2-27-2001.  This date is after the date of March 1, 2000, in which the law became effective to apply the mandatory 85% sentencing.  Therefore, 2,700 days (earned credits) were revoked to Petitioner's sentence without any due process. (See exhibit 8, page 2 of 3)

  i)   Petitioner was never afforded (1) advance written notice of the claimed violation, (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action, and (3) the right to call witnesses and present documentary evidence in his defense.  As per OCCA Rule 10.6 (B)

g)   This erroneous date was derived from the filed District Attorney's information sheet (Exhibit 11).  This information sheet is simply the allegations of an officer preceding a trial; a charging instrument.  This is not the sentencing / disposition information generated by the Trial Court after the proceedings. (Exhibit 2)  **Petitioner was erroneously and illegally re-billed back to his first sentence**.

h)   If DOC Sentence Administration would not have had illegally re-sentenced Petitioner he would have discharged his second sentence on or before November 14, 2014.  And if Petitioner continues to maintain his security level 4, he will discharge his third and final sentence on or before January 14, 2021.  In other words, Petitioner needs to be immediately released from DOC's illegal sentencing, so he is at liberty to serve the sentence imposed by the District Court of Tulsa.

7)  Grounds and supporting facts:

  a)   The Petitioner alleges the following Constitutional rights, State laws, Department of Corrections Policies, privileges  or immunities have been violated:

  i)   U.S.C.A. 14th Amendment,

    The Fourteenth Amendment of the United State Constitution guarantees that:

Sec1: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  NO state shall make or enforce any law which shall abridge the privileges or immunities of citizen of the United States; nor shall any state deprive any person of life, liberty or property **without due process of law**;

**Exhibit 2**

nor deny to any person within its jurisdiction the equal protection of laws. (emphasis added)

ii) U.S.C.A 7th Amendment,

"The right of trial by jury shall be preserved, and no fact tired by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of common law."

"Issues of law are to be resolved by the Court and issues of fact are to be determined by the jury under appropriate instructions by the Court." Baltimore & Carolina line v. Redman, 55 S.Ct 890.

iii) OK Const. Article 1 § I,

Oklahoma is an inseparable part of the federal union and the United States Constitution is the supreme law of the land. Thereby insuring this Plaintiff the full panoply of protections and guarantees of the United States Constitution

iv) (22 O.S. § 977 (A) (4), 978, 979)

The "Date of Offense" and the "Statutory Reference" need to be included in the judgment and sentence order.

v) (57 O.S. § 37)

B. 3. Plea paperwork, Summary of facts and Sentence on Plea or Sentencing after Jury Trial Summary of Facts may be used as sentencing documents. Or pre 2015 wording. The receipt of the certified copy of the judgment and sentence shall be certification that the sentencing court has entered a judgment and sentence and all other necessary commitment documents.

D. If the Department receives a judgment and sentence document from a county that includes inaccurate information from the sentencing court the Department shall notify the county within a timely manner.

vi) OCCA Rule 10.6 (B)

(1) Advance written notice of the claimed violation, (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action, and (3) the right to call witnesses and present documentary evidence in his defense.

vii) Department of Corrections Policies

(1) DOC  P - 010300

The Oklahoma Department of Corrections (ODOC) is established in accordance with applicable statutes and regulations with the goal of ensuring

**Exhibit 2**

public safety through the provision of professionally managed correctional services **pursuant to order of the court**, the Pardon and Parole Board, applicable statutes and Board of Corrections (BOC) policy. [emphasis added]

A. Incarceration
It is the mission of the ODOC to provide ..., keep accurate records.

(2) DOC  P - 060100, Opening Statement:

The Oklahoma Department of Corrections (ODOC) properly classifies inmates/offenders, administers sentences and provides clemency consideration I accordance with the order of the courts and statutory requirements

I. Classification

   A. Classification Standards

      1.  The ODOC has established a comprehensive and uniform classification system, based on security and programmatic needs, for the supervision of incarcerated inmates and supervised offenders

      2.  Established procedures ensure the classification system of the agency is an objective/descriptive system.

III. Sentence Administration

The ODOC ensures the length of confinement or supervision is calculated accurately, recorded and implemented in accordance with the order of the court and statutory requirements.

      1.  Standards for sentence administration are established to ensure inmates/offender under the jurisdiction of the agency are incarcerated/supervised according to the order of the sentencing court.

(3) DOC OP - 060201  I. Initial Intake Procedures

The Facility Classification manager will ensure a legal sentencing document has been received from the count of jurisdiction for each inmate scheduled to be received for assessment and reception

(4) DOC OP - 060211

The Oklahoma Department of Corrections (ODOC) is required to administer sentences in accordance with the Judgment and Sentence issued by the District Courts (22 O.S. 978, 979).  All inmates/offenders remanded to the custody or supervision of the ODOC a confined or supervised in accordance with the order of the sentencing court and statutory authority.  The manager of Sentence

**Exhibit 2**

Administration is the final departmental authority in all matters of inmate release dates commitment technicalities ad the time calculations.

I. Procedures for Handling a Questionable Reception

    C. Legal Issues Involving a Judgment and Sentencing or Sentencing Document:

    If the manager of Sentence Administration or the manager of Classification and Population belied that a Judgment and Sentence or other sentencing document does not comply with Oklahoma law, the manager of Sentence Administration or the manager of Classification and Population may submit a request for the General Counsel to review and provide a legal opinion.

II. Procedures for the Application of Time Credits

    (second Paragraph)

    Sentence to be served by an inmate in ODOC are calculated by first establishing a beginning release date, which is the term of incarceration, as **designated by the commitment document**, added to the reception date. [emphasis added]

    A.1.  Proper documentation means the Judgment and Sentence or other <u>sentencing</u> documents. [emphasis added]

VII. F. Compliance With Court Orders

    2.  If a serious legal or administrative problem does exist, the facility or district will immediately request assistance from the manager of Sentence Administration, and/or communicate with the Court in an attempt to resolve any technical difficulties.

VIII B. Unacceptable Documents

    Should any of the [] elements be absent from commitment documents accompanying an incoming inmate from a county jail to the assessment and reception center, reception staff will normally refuse acceptance of said inmate until properly completed documentation is produced.

    viii)   Common Law

8

**Exhibit 2**

(1) In re Jensen, 2012 WL 3686270, the State of Washington's DOC policy "provide that each sentence in a consecutive series was separate, that earned release credits would be certified at the end of each term of incarceration and those credits could not be lost after the offender transferred to the nest consecutive sentence or cause. An offender is justified in expecting that the department will follow its own policies regarding risk classification re-assessment. Pullman, 167 Wn.2d at 218

b) The following facts support the allegations above:

i) U.S.C.A. 14th Amendment, U.S.C.A 7th Amendment, OK Const. Article 1 § I. The DOC Sentence Administrator applied illegal authority and jurisdiction. This illegal activity overruled the Tulsa County District Courts sentencing and lengthened Petitioners sentence from being able to serve about 1/3 of his sentence, approximately 20 years, to a mandatory 85% of his sentence, approximately 38¼ years. (57 O.S. § 138)  This was accomplish without all the rights afforded an accused in a Trial Court of competent jurisdiction, thereby, denying the Petitioner of his "due process" of law.

ii) DOC Sentence Administration failed to follow the law and DOC Policy in obtaining the correct information from the sentence court. Or if DOC Sentence Administration did acquire the appropriate sentencing documents at the time of Petitioner's initial reception these records were lost or misplaced. (22 O.S. § 977 (A) (4), 978, 979)  (57 O.S. § 37)  (DOC P - 010300, P - 060100,  OP - 060201, & OP - 060211)

iii) This audit of 2012, used an inappropriate "information sheet"[1] to wrongfully determine that the "dates of offenses" were 2-27-2001, thereby, illegally imposing the 85% law. (21 O.S. § 12.1).  By using this wrongfully determined date, the date the jurors or the triers of fact selected, (05-01-1999), was nullified and Petitioner was denied the right of due process.  As identified, the "date of offense" was

---

[1] The "information sheet" used by the DOC Sentence Administration is NOT disposition information derived by the Court or tier of facts.  The "information sheet" that was used by DOC Sentence Administration is only a charging document.

**Exhibit 2**

correctly selected by the jurors and appropriately disclosed in disposition section of the certified docket sheet. [Exhibit 2].

iv) OCCA Rule 10.6 (B). "In proceedings to revoke earned credits an inmate must be afforded (1) advance written notice of the claimed violation, (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action, and (3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals." Wolf v. McDonnell 94 S.Ct 2963.

Petitioner was not afforded any of these steps.

v) Petitioner was correctly billed upon his arrival at DOC's Assessment & Reception center and subsequently discharged his first sentence on September 14, 2008, (exhibit 8, page 2 of 3). It is reasonable to believe from the information provided in the attached exhibits that DOC received the correct and appropriate information when Petitioner was transferred to the custody of DOC. However, DOC apparently has either discarded this reception information or has chosen to ignore it. Either way Petitioner "is justified in expecting that the department will follow its own policies." Pullman, 167 Wn.2d at 218 .

8) I have filed other lawsuits in the State or Federal Court dealing with the same fact involved in this action.     Yes ☒     No ☐     If the answer is "yes," describe each lawsuit.

a) Writ of Mandamus #1

i) Parties to the previous lawsuit:

Plaintiff: Ralph Oliver

Defendant(s): Department of Corrections

ii) Name of court and case number:

The District Court of Oklahoma County; Case No. CV-2017-2422

iii) Case Status: Action Dismissed: for failure to serve the Defendants or by operation of the law 12 O.S. § 2004 (I)

**Exhibit 2**

iv) Issues Presented: To order the Department of Corrections to comply with their prior directives and return statutory credits removed by records officer. In addition, have his judgment and sentence order amended to reflect date of offense.

v) Date of Filing: December 13, 2017

vi) Date of Disposition: February 26, 2019

b) Writ of Mandamus #2

   i) Parties to the previous lawsuit:

   Plaintiff: Ralph Oliver

   Defendant(s): Department of Corrections; Tonia Dickerson, Sentence Administrator; Jimmy Martin, Warden; Mark Knutson, Director's Designee; Ancilla Monden, Records; Terri Smith, Case Supervisor; Sharon Combs, Case Supervisor; Tisha James, Case Supervisor

   ii) Name of court and case number:

   The District Court of Oklahoma County;  Case No. CV-2019-1013

   iii) Case Status:  Action Dismissed:  for filing in the wrong venue and using the wrong type of actions.

   iv) Issues Presented:

      (1) The Court to direct DOC to recognize the date of Offense as May 1, 1999.

      (2) The Court to Direct DOC to comply with their directives and return statutory earned credits.

      (3) The Court to order DOC to correct time records.

      (4) To have Petitioners judgment and sentence order amended to reflect date of offense.

      (5) To have the Information Sheet amended to reflect the correct date of offense.

   v) Date of Filing:  April 29, 2017

   vi) Date of Disposition: August 23, 2019

c) Appeal Writ of Mandamus #2

   i) Parties to the previous lawsuit:

   Plaintiff: Ralph Oliver

   Defendant: Department of Corrections, et. al.

**Exhibit 2**

    ii)  Name of court and case number:

         The Oklahoma Supreme Court (118,268); Removed to The Oklahoma Court of
Criminal Appeals (MA-2019-898)

    iii)  Case Status:  Action Dismissed (District Court's Dismissal Affirmed)

    iv)  Issues Presented:  Venue was correct and type of actions was correct for two (2) of
the five (5) issues raised in application for writ of mandamus.

    v)  Date of Filing:  September 24, 2019; transferred to OCCA, December 9, 2019

    vi)  Date of Disposition: December 18, 2019

9) I have sought informal and formal relief from the appropriate administration officials
regarding the acts stated in number 8 of this petition.  ☒ Yes  ☐ No.  If your
answer is "yes," briefly describe how relief was sought and the outcome of the
proceedings.  If your answer is "no," briefly explain why administrative relief was not
sought:

    a)  A Request to Staff, submitted to Records/Ancilla Monden, dated 11-30-12,
complained about being re-billed.  Response: As you were told by records Officer
Monden your Information Sheet states your crimes on Count 1 of your cases were
committed between 5-1-99 and 2-5-01, counts 2 and 3 were committed between 5-1-
99 and 2-27-01.  Per state statute these crimes are 85% crimes because they were
committed after 3-1-2000.  I am forwarding your information sheet and the response
from Records Administration, Jim Rabon, concerning the validity of using the 85%
statute.  This will be final correspondence concerning this question.  Any further
request to staff in regards to this will be considered harassment of staff." (Exhibit 14)

    b)  A Request to Staff, Submitted to Inmate Records Officer, dated 7-19-17, complained
about being re-billed.  Response: This was addressed on 12-10-12.  Nothing has
changed you are 85% (Exhibit 15).

    c)  An Inmate / Offender Grievance form, to Warden Jimmy Martin, dated 7-31-2017,
complained about needing my revoked credits back (Exhibit 16)

**Exhibit 2**

d)  A Grievance Appeal to the ARA, dated 8-16-17, challenging Date of offense. (Exhibit 17); Response: You exhausted your administrative remedies concerning this issue on 4/18/16.  Do not resubmit.  (Exhibit 18)

e)  A Request to Staff, dated 3-11-2020, to Records Department; needing copies of "Reception Information". Response: Your commitment information is all from your J&S you must request from the county.  I do not know what the "reception information" form is that you are requesting.  Get a policy number. (Exhibit 22)

f)  A Request to Staff, dated 2-5-2020, to Records Department; Requesting that DOC acquire the appropriate information from Tulsa County District Court.  Response stated, "We can only use information and dates on the Judgment and Sentence.  The disposition of information is not dates we use." (Exhibit 19)

g)  An Inmate / Offender Grievance form, to Warden Jimmy Martin, dated 2-18-2020, Requesting that DOC acquire the appropriate information from Tulsa County District Court (Exhibit 20).  No Response

h)  An Inmate / Offender Grievance form, To ARA Designee Mark Knutson, dated 3-23-2020, Requesting that the Warden answer the Grievance dated 2-18-22. (Exhibit 21). No Response  (See also Exhibit 25 & 26)

i)  A Request to Staff, dated 6-24-2020, to Scott Crow / Director DOC; Why has there not been a response from the last grievance, dated 3-23-2020.  Response: dated June 26, 2020, Never Received information (Exhibit 23) (See also Exhibit 25 & 26)

Petitioner states he exhausted his available administrative remedies. Prison administrative procedures are unavailable for purposes of the PLRA's exhaustion requirement when, despite what regulations or guidance may promise, it operates as a simple dead end with officer unable or consistently unwilling to provide any relief to aggravated inmates.  Ross v. Blake, 136 S.Ct 1850.  Such as seen in this circumstance, Defendants' were consistently unwilling to provide any relief and prison staff disrupts mail to the ARA.  See exhibits 14, 25 and 26.

10) Relief Requested:

a)  Writ of Mandamus:

**Exhibit 2**

Petitioner ask this Honorable Court to grant his request of issuing a Writ of Mandamus to the Oklahoma Department of Corrections (DOC) and the North Fork Correctional Center (NFCC), Inmate Records Officers, (the agents of DOC), to contact the Tulsa County District Court (Trial and Sentencing Court) to provide and verify the "Date of Offense" from the appropriate Court documents (disposition information, NOT allegation/charging information). And then recognize and re-implement this "date of offense" and return all the earned credits. Or

b) Writ of Habeas Corpus:

Petitioner ask this Honorable Court to grant his request by issuing a Writ of Habeas Corpus to release the Petitioner from an unlawful sentence induced by the Department of Correction's Sentence Administration when they arbitrarily selected a "Date of Offense" from a non-relevant document and incorrectly applied the mandatory 85% sentencing law. The sentence imposed by the Department of Corrections denied the Petitioner of his right to due process of law. Therefore, the Department of Corrections and it's agent's need to recognize the "date of offense" as the sentencing court ordered as May 1, 1999, so that the petitioner is uninhibited to serve the sentence imposed by a Court of competent jurisdiction.

11) Have you brought any lawsuits in state or federal court within the last ten (10) years?
   __X__ Yes, or, ____ No. If your answer is 'yes', a sworn affidavit listing the litigation and the outcome of the litigation must be attached.

12) I am representing myself. __X__ Yes, or, ____ No. If your answer is 'no', please explain.

_Ralph Oliver_

Ralph Oliver, #413607
Unit EN – 260
North Fork Correctional Center
1605 East Main Street
Sayre, OK 73662

This form is to be used by an inmate of a penal institution, pursuant to 12 O.S. 2004 § 2003.1, for civil actions initiated against the State, the Department of Corrections, another state agency or political subdivision as set forth in 57 O.S. § 566.

**Exhibit 2**

<u>VERIFICATION</u>

STATE OF OKLAHOMA    )
                               ) ss.
COUNTY OF BECKHAM    )

<u>VERIFICATION/DECLARATION UNDER PENALTY OF PERJURY</u>

      Pursuant to 12 O.S. Supp. 2002 § 426, the Petitioner state under penalty of perjury and under the laws of Oklahoma that the foregoing is true and correct; that the Petitioner has read the foregoing and affixed his signature hereto at the NORTH FORK CORRECTIONAL CENTER, SAYRE, OKLAHOMA on this ___9___ day of ___September__,20_20_. Pursuant to 22 O.S. § 748, Rule 4(c) Rules of the District Courts of Oklahoma.

_____
Ralph Oliver, #413607

<u>CERTIFICATE OF SERVICE</u>

      I, Ralph Oliver, the undersigned hereby certify that on the ___9___ day of _September___,20_20_ I mailed a true and correct copy of the foregoing by placing same into the institutional legal mailing system at NORTH FORK CORRECTIONAL CENTER, SAYRE, OKLAHOMA with postage prepaid thereon to:

Donna Howell, Court Clerk, P.O. Box 520, Sayre Ok 73662

_____
Ralph Oliver, #413607

15

**Exhibit 2**

<u>EXHIBIT INDEX</u>

1) Judgment and Sentence Order - 2 pages

2) Certified Docket Sheet with Disposition Information (Certified on Jan. 29, 2020) - 3 pages

3) Consolidated Record Card  - 1 page

4) Notification of Parole Consideration, dated 3/18/2002 - 1 page

5) Adjustment Review, dated 8/21/2003 - 1 page

6) Adjustment Review, dated 12/12/2003 - 1 page

7) ODOC Time Sheet August 31, 2008 - 1 page

8) Sentence Time Tracking Sheets- 3 pages

9) Memorandum From Ancilla Monden, Records.  TO: Ralph Oliver - 1 page

10) Emails between Jim Rabon, Administrator, and Ancilla Monden, Records Officer.- 1 page

11) District Attorney Information Sheet - 1 page

12) ODOC Time Sheet October 31, 2017 - 1 page

13) Request to Staff, Submitted to Records, dated 9-4-08 - 1 page

14) Request to Staff, Submitted to Records/Ancilla Monden, dated 11-30-12 - 1 page

15) Request to Staff, Submitted to Inmate Records Officer, dated 7-19-17 - 2 pages

16) Inmate/Offender Grievance, to Jimmy Martin, Warden; dated 7-31-2017 - 2 pages

17) Misconduct/Grievance Appeal to ARA NFCC 17-141, dated 8-16-17 - 2 pages

18) Answer to Grievance Appeal to ARA NFCC 17-141, dated Sept. 5, 2017 - 1 page

19) Request to Staff, Submitted to Records Dept., dated 2-5-2020 - 2 pages

20) Inmate/Offender Grievance, to Jimmy Martin, Warden; dated 2-18-2020 - 2 pages

21) Inmate/Offender Grievance, to Mark Knudson, ARA Designee, dated 3-23-2020 - 1 page

22) Request to Staff, Submitted to Records Dept., dated 3-11-2020 - 2 pages

23) Request to Staff, Submitted to Scott Crow/Director DOC, dated 6-24-2020 - 1 page

24) Answer to Grievance Appeal to ARA 20-214, from Directors Designee, dated June 26, 2020 - 1 page

25) Affidavit of Ralph Oliver - 2 pages

26) Affidavit of Kent Savage - 1 page

27) Portions of DOC OP 060211

28) Inmate Request, to Susan Davidson, dated 9-21-18 - 1 page

29) Notification of Parole Consideration Date, dated 11-15-2007 - 1 page

30) Hand Copy of "Oklahoma Department of Corrections Reception Information" Screen identification number OMS0002D - 2 page *Received actual Printed Copy from Case manager, Mary Davidson on 8-19-2020*

**Exhibit 2**

Exhibit 1
page 1 of 2

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

2002 MAR -8  A 8: 55

| | |
|---|---|
| State Of Oklahoma, <br> -vs- <br> **RALPH OLIVER** <br> SS.# 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 <br> DOB 11-6-63 | Case No. **CF-2001-1429** <br> Count No.    1 |

**DISTRICT COURT**
# F I L E D

### JUDGMENT AND SENTENCE
### All Time In Custody
### Felony

MAR 0 8 2002

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Now, this 27th day of February, 2002, this matter comes on before the Court for sentencing and the defendant appears personally and by his or her Attorney of record, Wes Johnson, and the State of Oklahoma is represented by Chad Moody, and the Court Reporter, Barbara Tiffee is present.

The defendant has entered a plea of **not guilty** and is found guilty by a Jury of the crime of **SEXUALLY BATTERY A MINOR CHILD.**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the defendant, is guilty of the stated offense and is sentenced to **FIFTEEN (15) YEARS** all under the custody and control of the **DEPARTMENT OF CORRECTIONS. CREDIT FOR TIME SERVED. RUN CONSECUTIVELY WITH CT. 2 (FELONY) AND CT.3 (FELONY). DEFENDANT REQUEST TO BE HELD 10 DAYS BEFORE TRANSPORT.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, and the general miscellaneous costs of this action.   COMPLETE A SEX OFFENDER PROGRAM AT JOSEPH HARP FACILITY, NO JUDICIAL REVIEW.

IT IS FURTHER ORDERED BY THIS COURT THAT JUDGMENT IS HEREBY ENTERED against the defendant for all costs, fees, fines, and assessments ordered in this action and he or she is ordered to report immediately upon conclusion of this sentencing hearing, or within ten (10) days of discharge, if the defendant is currently incarcerated, to the Tulsa County Court Clerk to pay all costs, fines, fees, and assessments ordered in this action - or - to the Tulsa County

**Exhibit 2**

Exhibit 1
Page 2 of 2

Court Cost Administrator to make arrangements to pay the costs, fines, fees, and assessments as ordered pursuant to the Rule 8 Hearing held this day.

The Court further advised the defendant of his or her right to appeal to the Court of Criminal Appeals of the State of Oklahoma and of the necessary steps to be taken by him or her to perfect such appeal, and that if he or she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State, subject to reimbursement in accordance with 22 § O. S. 1355.14, 20 § O. S. 106.4 (b), and, ADC-72-33.

In the event the above sentence is for incarceration in the Department of Corrections, the Sheriff of Tulsa County, Oklahoma, is ordered and directed to deliver the defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, and leave therewith a copy of this Judgment and Sentence to serve as warrant and authority for the imprisonment of the defendant as provided herein. A second copy of this Judgment and Sentence to be warrant and authority of the Sheriff for the transportation and imprisonment of the defendant as herein before provided. The Sheriff is to make due return to the clerk of this Court with his proceedings endorsed thereon.

Witness my hand this 27th day of February, 2002.

**HON. JESSE HARRIS, JUDGE**

ATTESTATION:

SALLY HOWE SMITH
District Court Clerk Tulsa County

By: _____
JEAN MCCASKEY, CLERK

RECEIVED

MAR 1 5 REC'D

**Exhibit 2**

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| State of Oklahoma,<br>    Plaintiff,<br>v.<br>RALPH OLIVER,<br>    Defendant. | No. CF-2001-1429<br>(Criminal Felony)<br><br>Filed: 03/09/2001    *Exhibit 2*<br>Closed: 02/27/2002   *page 1 of 3*<br><br>Judge: Harris, Jesse S. |

## Parties

OLIVER, RALPH , Defendant
STATE OF OKLAHOMA , Plaintiff
Tulsa Police Department , ARRESTING AGENCY

## Attorneys

| Attorney | Represented Parties |
|---|---|

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Wednesday, March 14, 2001 at 9:30 AM<br>ARRAIGNMENT(ARR) | OLIVER,<br>RALPH | Arraignment Docket | |
| Wednesday, April 11, 2001 at 9:00 AM<br>PRELIMINARY HEARING ISSUE (PRIVATE ATTORNEY)(PVP) | OLIVER,<br>RALPH | Preliminary Hearing<br>Docket | |
| Monday, April 16, 2001 at 10:00 AM<br>DISTRICT COURT ARRAIGNMENT(DCA) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Friday, August 31, 2001 at 9:30 AM<br>ALLEN (DISCOVERY) HEARING(ADH) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Monday, September 10, 2001 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Monday, September 17, 2001 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Wednesday, September 19, 2001 at 9:00 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Thursday, September 20, 2001 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Thursday, October 11, 2001 at 13:30 PM<br>DISCLOSURE OF RECORDS & APPEARANCES OF WITNESS<br>HEARING(HEA) | OLIVER,<br>RALPH | Jefferson D. Sellers | |
| Monday, October 22, 2001 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Monday, November 5, 2001 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Wednesday, November 7, 2001 at 8:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Monday, January 7, 2002 at 9:30 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Tuesday, January 8, 2002 at 9:00 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Wednesday, January 9, 2002 at 9:00 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Thursday, January 10, 2002 at 9:00 AM<br>JURY TRIAL (ISSUE)(JTI) | OLIVER,<br>RALPH | Jesse S. Harris | |
| Friday, January 11, 2002 at 9:00 AM | OLIVER, | Jesse S. Harris | |

**Exhibit 12**

Exhibit 2
page 2 of 3

JURY TRIAL (ISSUE)(JTI)
**Monday, January 14, 2002 at 9:00 AM**                RALPH
JURY TRIAL (ISSUE)(JTI)                                              OLIVER,    Jesse S. Harris
**Wednesday, February 27, 2002 at 9:30 AM**      RALPH
SENTENCING (AFTER JURY VERDICT)(SEN)         OLIVER,    Jesse S. Harris
                                                                             RALPH

## Counts

Parties appear only under the counts with which they were charged. For complete sentence information, see the court minute on the docket.

**Count # 1.**                    Count as Filed: SEXBC, SEXUALLY BATTERY A MINOR CHILD , in violation of <u>10</u>
                                      <u>O.S. 7115</u>
                                      Date Of Offense: 05/01/1999

     **Party Name:**          **Disposition Information:**

     OLIVER,                    **Disposed: CONVICTION, 02/27/2002. Jury Trial.**
     RALPH                       Count as Disposed:SEXUALLY BATTERY A MINOR CHILD (SEXBC)
                                         Violation of <u>10 O.S. 7115</u>

**Count # 2.**                    Count as Filed: SEXUALLY BATTERY A MINOR CHILD , in violation of <u>10</u>
                                      <u>O.S. 7115</u>
                                      Date Of Offense: 05/01/1999

     **Party Name:**          **Disposition Information:**

     OLIVER,                    **Disposed: CONVICTION, 02/27/2002. Jury Trial.**
     RALPH                       Count as Disposed:SEXUALLY BATTERY A MINOR CHILD (SEXBC)
                                         Violation of <u>10 O.S. 7115</u>

**Count # 3.**                    Count as Filed: SEXBC, SEXUALLY BATTERY A MINOR CHILD , in violation of <u>10</u>
                                      <u>O.S. 7115</u>
                                      Date Of Offense: 05/01/1999

     **Party Name:**          **Disposition Information:**

     OLIVER,                    **Disposed: CONVICTION, 02/27/2002. Jury Trial.**
     RALPH                       Count as Disposed:SEXUALLY BATTERY A MINOR CHILD (SEXBC)
                                         Violation of <u>10 O.S. 7115</u>

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | User Name | | |
|------|------|-------|-------|----------|------------|-----------|---|---|
| 03-05-2001 | CTFREE | - | OLIVER, RALPH | 42878073 | Apr 5 2001 1:15:46:710PM | OSCN\DorcasLukenbill | - | $ 0.00 |

SINGER TODD: ARRAIGNMENT PASSED TO 3-9-01 9:30 A.M. BOND $50,000 PER COUNT.
DEFT PRESENT IN CUSTODY, NOT REP BY COUNSEL. COMMITMENT ISSUED.

| | | | | | | | | |
|------|------|-------|-------|----------|------------|-----------|---|---|
| 03-09-2001 | TEXT | - | | 42536330 | Mar 9 2001 3:09:43:000PM | OSCN\BillyeDixon | - | $ 0.00 |

CRIMINAL FELONY INITIAL FILING.

| | | | | | | | | |
|------|------|-------|-------|----------|------------|-----------|---|---|
| 03-09-2001 | INFORMATION | 1 | OLIVER, RALPH | 42536543 | Mar 9 2001 3:23:11:400PM | SYSTEM\Autodocket | | $ 0.00 |

DEFENDANT OLIVER, RALPH WAS CHARGED WITH COUNT #1 SEXUALLY BATTERY A
MINOR CHILD IN VIOLATION OF 10 O.S. 7115

**Exhibit 2**

Exhibit 2
Page 3 of 3

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 07-11-2018 | ACCOUNT | - | OLIVER, RALPH | 105886967 | Jul 11 2018 4:42:24:943PM | OSCN\sundywiley | |

RECEIPT # 2018-3794223 ON 07/11/2018. TRANSFERRED FROM DOC CHECK # 013528210
PAYOR: TOTAL AMOUNT PAID: $ 0.00.
LINE ITEMS:
CF-2001-1429: $4.32 ON TRANSFER TO AC01 CLERK FEES FOR OLIVER, RALPH.
MRC-2018-82: $-4.32 ON TRANSFER FROM AC99 HOLDING FOR DEPARTMENT OF
CORRECTIONS.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12-18-2018 | ACCOUNT | - | OLIVER, RALPH | 107432687 | Dec 18 2018 3:31:07:430PM | OSCN\DamiaCollis | - $ 0.00 |

RECEIPT # 2018-3869506 ON 12/18/2018. TRANSFERRED FROM DOC CHECK #13543888
PAYOR: TOTAL AMOUNT PAID: $ 0.00.
LINE ITEMS:
CF-2001-1429: $1.44 ON TRANSFER TO AC01 CLERK FEES FOR OLIVER, RALPH.
MRC-2018-176: $-1.44 ON TRANSFER FROM AC99 HOLDING FOR OKLAHOMA DEPARTMENT
OF CORRECTIONS.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01-02-2019 | ACCOUNT | - | OLIVER, RALPH | 107529220 | Jan 2 2019 1:19:58:780PM | OSCN\DamiaCollis | - $ 0.00 |

RECEIPT # 2019-3874340 ON 01/02/2019. TRANSFERRED FROM DOC CHECK #013536800
PAYOR: TOTAL AMOUNT PAID: $ 0.00.
LINE ITEMS:
CF-2001-1429: $4.32 ON TRANSFER TO AC01 CLERK FEES FOR OLIVER, RALPH.
MRC-2018-139: $-4.32 ON TRANSFER FROM AC99 HOLDING FOR OKLAHOMA DEPARTMENT
OF CORRECTIONS.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10-09-2019 | CTRS | - | OLIVER, RALPH | 110860805 | Oct 9 2019 12:00:00:000AM | MIS/AUTODOCKET2020OTC | - $ 0.00 |

CLAIM FOR INTERCEPT OF TAX REFUND

## Balances

| Party | Costs Due | Costs Paid | Balance Due | Cash Bonds | Bond Forf. | Overpayments | Holding |
|---|---|---|---|---|---|---|---|
| OLIVER, RALPH | $ 1,650.57 | $ 154.82 | $ 1,495.75 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Tulsa Police Department | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Generic Party | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Totals | $ 1,650.57 | $ 154.82 | $ 1,495.75 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

Report Generated by The Oklahoma Court Information System at January 29, 2020 11:01 AM

End of Transmission.

I, Don Newberry, Court Clerk for Tulsa County, Oklahoma,
hereby certify that the foregoing is a true, correct and full
copy of the instrument heretofore set out, as appears on record
in the Court Clerk's Office of Tulsa County, Oklahoma, this

JAN 2 9 2020

By _____ Deputy

Exhibit 2

OKLAHOMA STATE DEPARTMENT OF CORRECTIONS Filed 10/06/20 Page 22 of 61

# OKLAHOMA STATE DEPARTMENT OF CORRECTIONS Consolidated Record Card



(1 - Page 1 of 1)

| | | | | | | |
|---|---|---|---|---|---|---|
| 413607 | 03/15/2002 | MALE | WHITE | 5'8" | 238 lbs | BROWN HAZEL |
| DOC Number | DOC Reception Date | Gender | Race | Height | Weight | Hair Right Eye |



**OLIVER, RALPH**
Name

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   1247095   790813DB5
SSN   OSBI Number   FBI Number

**Alias Names and Additional SSN**

EDWARD, RALPH BRUCE
OLIVER, EDWARD
OLIVER, RALPH BRUCE

| 11/06/1963 | NO | 01/2006 |
|---|---|---|
| Date Of Birth | Victim Notification | Parole Eligibility |

CHRISTIANITY
Religion

PIPE WORKER/PLUMBER, WELDER
Skills

OLIVER, RALPH
DOC#: 0000413607
DOB: 06-NOV-1963
Photo Date: 17-MAR-2005

Emergency Contact: OLIVER, LILIENI
Telephone Number: (918) 6635106

Contact Address: 5107 E 45TH ST
TULSA   OK   Zip Code: 74135

| CRF | Count No. | J & S Date | County of Prosecution | Offense Description | ETC | Sentences | |
|---|---|---|---|---|---|---|---|
| 2001-1429 | 1 | 02/27/2002 | TULSA | SEXUALLY BATTERY A MINOR CHILD | NO ETC | 15 YR | 85% |
| 2001-1429 | 2 | 02/27/2002 | TULSA | SEXUALLY BATTERY A MINOR CHILD | NO ETC | 15 YR CS | 85% |
| 2001-1429 | 3 | 02/27/2002 | TULSA | SEXUALLY BATTERY A MINOR CHILD | NO ETC | 15 YR CS | 85% |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Movement History | | | Classification/Job | | Disciplinary Record | | | |
|---|---|---|---|---|---|---|---|---|
| From | To | Date | Action | Date | Charge | Code | Date | Punishment | Code |
| TULJ | LARC | 03/15/2002 | initial assess | 3/27/02 | Disobedience to Orders | 12-1A | 11/18/04 | DS 20; LEC 120; LR 60 | 1A:2A:3A/ |
| LARC | LCF | 4/14/02 | CP add odery | 2/17/04 | Individual Disruptive Behavior | 2-27A | 12/2/04 | DS20; LEC120; LR60; Fine 38.10 | 1A:2A:3A:4 |
| LCF | GRCF | 2/10/04 | | / / | | | / / | | |
| GRCF | SHCC | 3/15/05 | | / / | | | / / | | |
| | | / / | | / / | | | / / | | |

OMS0024D

**Exhibit 2**

Exhibit -
Page 1 of 1

## Notification of Parole Consideration Date

Form 008-1
(7-98)

Name: Ralph        NMI        Oliver                Date: 03/18/2002

DOC Number:        413607                           Facility: LCF

Parole Docket:        January 2006

**INMATE COPY**

## Parole docket date is based up

- [ ] T/S 50 percent of sentence    [✓] One-Third (Crime committed on or after July 1, 1998) 57 O.S.
- [ ] T/S 75 percent of sentence
- [ ] T/S 85 percent of sentence
- [ ] One-Third of the sentence
- [ ] Three or more incarcerations for three or more felonies, which requires you to serve the lesser of one-third or ten years (57 O.S. 332.7 B.)
- [ ] Three or more convictions for robbery, which requires you to serve ten years (21 O.S. 8
- [ ] Convictions for racketeering, which requires you to serve one-half of the sentence (22 O.S. 1404)

| *Annual from:* | *No Docket:* | *Denial:* | *Waiver:* |
|---|---|---|---|
| [ ] Escape return | [ ] Projected Discharge within 180 days | [ ] Annual | [ ] Annual |
| [ ] Return / Rebill to parole violation | [ ] Delayed Sentencing Program | [ ] Two Years | [ ] Two Years |
| [ ] Return from PPCS for program | [ ] Sentence Suspended upon program completion | [ ] Three Years | [ ] Three Years |
| [ ] Last favorable consideration | [ ] Parole Violation-less than 28 months to serve | [ ] Four Years | [ ] One-third |
| [ ] Other: | | [ ] Five Years | [ ] Prior to Discharge |
| _____ | [ ] Sentence of Life without parole | [ ] No Redocket | |
| _____ | [ ] Death Sentence | [ ] One-third | |
| | | [ ] Prior to Discharge | |

## Reason For This Docketing

- [✓] Initial Docketing        _____
- [ ] Rebill                   _____
- [ ] Jail Time Modification   _____
- [ ] Escape Redocket          _____
- [ ] Delayed CC               _____
- [ ] CS case                  _____

- [ ] Detainer    _____
- [ ] Appeal      _____
- [ ] Audit       _____
- [ ] Other       _____

## Missing Information:

- [ ] Jail Time       _____
- [✓] FBI Abstract    _____
- [✓] OSBI Abstract   _____
- [✓] Other           Prior file

Comments
_____
_____
_____

**Exhibit 2**

ADJUSTMENT REVIEW
New Arrival / Adjustment Review / Earned Credit Level

Exhibit 5
Page 1 of 1

## Inmate Information

| | | | | | |
|---|---|---|---|---|---|
| Facility LCF | | Facility Arrival Date 04/04/02 | | LARC Arrival date 03/15/02 | |
| Inmate Name OLIVER, RALPH | | Inmate DOC # 413607 | Gender M | Date of Birth 11/06/63 | |
| Date of Assessment 08/18/03 | Housing restrictions N | | Identification Y | | |
| Name of Emergency Contact LILIENI, OLIVER | | Relationship WIFE | | Phone Number 918-663-5106 | |
| Address 3430 TANGLEWOOD PL. ANCHORAGE, AK 99517 | | Will I/M reside at this residence after re-entry? | | YES X No | |

## Sentence Information

| | | | |
|---|---|---|---|
| Special Conditions of Suspended sentence/Parole | 85%/ 75% | N | 57 O.S. 1991 Sec 521 eligible |
| PPWP eligibility N | | Days Remaining 8088 | |
| Prior Convictions NONE | | Number of Prior Convictions NONE | |
| Assessed security MIN Security Points 3 | Assigned Security MED | Mandatory Override? YES X NO | |
| Misconduct History NONE | Active Misconduct points 0 | Date of last Misconduct NONE | |
| Parole Date 2/2006 | Parole Stipulations | | |
| Parole Conditions | | | |

## Current Patterns of Behavior

Preformance rating = Poor, Good, Excellent, Outstanding

| | | | | | |
|---|---|---|---|---|---|
| Staff OUTSTANDING | | Program Participation OUTSTANDING | | Job OUTSTANDING | |
| Other Inmates OUTSTANDING | | Personal Hygiene OUTSTANDING | | Living Area OUTSTANDING | |

| Month/Year | Rating | Assignment |
|---|---|---|
| NO CURRENT | EVAL'S | AT THIS TIME |
| | | |
| | | |
| | | |

Program / Job Evaluations

## Case Plan

Initial

| Needs | Plan of Action | Projected Enrollment | Restrictions/Comments |
|---|---|---|---|
| TFAC | COMPLETE | WAITING LIST FOR TFAC | COMPLETED GED AND LIFE SKILLS |

| Updated Plan | Plan of Action | Projected Enrollment | Restrictions/Comments |
|---|---|---|---|
| | | | |

Warden/District Supervisor or designee approval

Pre- Release

| Needs | Referral Name Address Phone number | Appointment time |
|---|---|---|
| | | |

| Earned Credit level 4 | Effective Date 1-1-03 | Promotion | Demotion | No Change XXX | Enhanced |
|---|---|---|---|---|---|
| Level Eligible | | | | | |

| | | Date |
|---|---|---|
| Prepared by | *B. Taylor* | 8/21/03 |
| Chairperson | *R. Underwood* | 8-21-03 |
| Member | *J M Black* | 8/21/03 |

Date of Next Review 12-18-03   Comments   Min. Elig. 5-25-12

Inmate Signature   *Ralph Oliver*   Date

**Exhibit 2**

DOC 060203 A

## ADJUSTMENT REVIEW
New Arrival/ Adjustment Review / Earned Credit Level

Exhibit 6
Page 1 of 1

### Inmate Information

| | | |
|---|---|---|
| Facility   LCF | Facility Arrival Date   04/04/02 | LARC Arrival date   03/15/02 |
| Inmate Name    OLIVER, RALPH | Inmate DOC #   413607 | Gender   M   Date of Birth   11/06/63 |

Date of Assessment    12-08-03    Housing restrictions    N    Identification    Y

Name of Emergency Contact    LILIENI, OLIVER    Relationship    WIFE    Phone Number    907-677-1419

Address    8730 BLACKBERRY ST.   ANCHORAGE, AK. 99502    Will I/M reside at this residence after re-entry?    YES   X   No

### Sentence Information

Special Conditions of
Suspended                                                       85%/        N                  57 O.S. 1991 Sec
sentence/Parole                                                 75%                             521 eligible

PPWP eligibility    N                                                   Days Remaining

Prior Convictions    NONE                                               Number of Prior Convictions    NONE

Assessed security    MIN    Security Points    3    Assigned Security    MED    Mandatory Override?    YES   X   NO

Misconduct History    NONE                        Active Misconduct points    0    Date of last Misconduct    NONE

Parole Data    2/2006                   Parole Stipulations

Parole Conditions

## Current Patterns of Behavior

Preformance rating = Poor, Good, Excellent, Outstanding

Staff    OUTSTANDING                Program Participation    OUTSTANDING              Job    OUTSTANDING

Other Inmates    OUTSTANDING              Personal Hygiene    OUTSTANDING              Living Area    OUTSTANDING

Program / Job Evaluations

| Month/Year | Rating | Assignment |
|---|---|---|
| APRIL  03 | 49 | D-SPACE |
| JUNE | 30 | D-SPACE |
| AUG | 44 | STUDENT |

### Case Plan
*Initial*

| Needs | Plan of Action | Projected Enrollment | Restrictions/Comments |
|---|---|---|---|
| TFAC | COMPLETE | WAITING LIST FOR TFAC | COMPLETED GED AND LIFE SKILLS |

| *Updated Plan* | Plan of Action | Projected Enrollment | Restrictions/Comments |
|---|---|---|---|
| | | | |

Warden/District Supervisor or designee approval

Pre- Release

Needs                    Referral Name Address Phone number              Appointment time

Earned Credit level    4    Effective Date    1-1-03    Promotion          Demotion          No Change    XXX    Enhanced
Level  Eligible

Prepared by                                                                Date.   12-12-03

Chairperson                                                                Date   12-12-03

Member                                                                     Date   12.12.03

Date of Next Review    04-08-04    Comments    MIN. ELIG. 5-25-12  INMATE HAS 2 (15) YR CS CASES

Inmate Signature

**Exhibit 2**

Date Printed: 04 SEP 2008

Oklahoma Department of Corrections
Time Sheet
For the Month of :   August 31, 2008

Exhibit 7
Page 1 of 1

Current Days Remaining Report for:   413607     OLIVER, RALPH

Case Supervisor:   SMITH, TERRI

Housing Unit:   JHCC-A-1-118-TOP

| CRF #  2001-1429 | Counts:  1 | | | | | |
|---|---|---|---|---|---|---|
| Effective date | Time Served | Earned | Lost | Other | Month Net | Days Remaining |
| 31 JUL 2008 | | | | | | 111 |
| 31 AUG 2008 | 31 | 44 | 0 | 0 | 75 | 36 |

Comments:

OMS0025M

**Exhibit 2**

Name
OLIVER, RALPH

Exhibit 8
Page 1 of 3

DOC Number
413607

Date Received
03/15/2002

Jail Time
377

| | | | | | | |
|---|---|---|---|---|---|---|
| JAN | | | | | 3479 | A: AT 377 |
| FEB | | | A,B: 389 | 389 | 5090 | B: ORC 12 |
| MAR | 17 | | | 17 | 5073 | C: Revol 2-4-4-02 |
| APR | 30 | C) 20 | | 50 | 5023 | D: L3 9-1-02 |
| MAY | 31 | 22 | | 53 | 4970 | E 90 GED 7-31-02 |
| JUN | 30 | 22 | | 52 | 4918 | F 15 LIFESKILLS 10-10-02 |
| JUL | 31 | 22 | | 53 | 4865 | |
| AUG | 31 | 22 | E 90 | 143 | 4722 | |
| SEP | 30 | D) 33 | | 63 | 4659 | |
| OCT | 31 | 33 | F 15 | 79 | 4580 | |
| NOV | 30 | 33 | | 63 | 4517 | |
| DEC | 31 | E 33 | | 64 | 4453 | |
| | | | | | | |
| JAN | 31 | A) 44 | | 75 | 4378 | A: L4 1/1/03 |
| FEB | 28 | 44 | | 72 | 4306 | |
| MAR | 31 | 44 | | 75 | 4231 | |
| APR | 30 | 44 | | 74 | 4157 | |
| MAY | 31 | 44 | | 75 | 4082 | |
| JUN | 30 | 44 | | 74 | 4008 | |
| JUL | 31 | 44 | | 75 | 3933 | |
| AUG | 31 | 44 | | 75 | 3858 | |
| SEP | 30 | 44 | | 74 | 3784 | |
| OCT | 31 | 44 | | 75 | 3709 | |
| NOV | 30 | 44 | | 74 | 3635 | |
| DEC. | 31 | 44 | | 75 | 3560 | |
| 2004 | | | | | | A) L1 10/27/04 RHU |
| JAN | 31 | 44 | | 75 | 3485 | B) L1 11/1/04 RHU |
| FEB | 29 | 44 | | 73 | 3412 | C) L1 MR 10/27/04-120 EC |
| MAR | 31 | 44 | | 75 | 3337 | D) L1 MR 12/2/04-120 EC |
| C D   APR | 30 | 44 | | 74 | 3263 | |
| MAY | 31 | 44 | | 75 | 3188 | |
| JUN | 30 | 44 | | 74 | 3114 | |
| JUL | 31 | 44 | | 75 | 3039 | |
| AUG | 31 | 44 | | 75 | 2964 | |
| SEP | 30 | 44 | | 74 | 2890 | |
| OCT | 31 | A) 37 | | 68 | 2822 | |
| NOV | 30 | 0 | C) 120 | <907 | 2912 | |
| DEC | 31 | 0 | D) 120 | <897 | 3001 | |
| 2005 | | | | | | A) L2, 5-1-05 |
| JAN | 31 | 0 | | 31 | 2970 | B) L3, 6-1-05 |
| one   FEB | 28 | 0 | | 28 | 2942 | C) L4, 8-1-05 |
| MAR | 31 | | | 31 | 2911 | |
| APR | 30 | | | 30 | 2881 | |
| MAY | 31 | A 22 | | 53 | 2828 | |
| JUN | 30 | B 33 | | 63 | 2765 | |
| JUL | 31 | 33 | | 64 | 2701 | |
| AUG | 31 | C. 44 | | 75 | 2626 | |
| SEP | 30 | 44 | | 74 | 2552 | |
| OCT | 31 | 44 | | 75 | 2477 | |
| NOV | 30 | 44 | | 74 | 2403 | |
| DEC | 31 | 44 | | 75 | 2328 | |
| | | | | | | |
| TOTAL | | | | | | |

OMS0024B

**Exhibit 2**

X

Exhibit 8
Page 2 of 3

DOC NUMBER 413607   LAST NAME *Oliver*   FIRST NAME *Ralph*   MIDDLE INITIAL ____

| YEAR 06 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | 44 | | | ⟨-90⟩ ⟨-15⟩ | 2328 2343 2353 |
| FEB | 28 | 44 | | | 72 | 2271 |
| MAR | 31 | 44 | | | 75 | 2196 |
| APR | 30 | 44 | | | 74 | 2122 |
| MAY | 31 | 44 | | | 75 | 2047 |
| JUNE | 30 | 44 | | | 74 | 1973 |
| JUL | 31 | 44 | | | 75 | 1898 |
| AUG | 31 | 44 | | | 75 | 1823 |
| SEP | 30 | 44 | | | 74 | 1749 |
| OCT | 31 | 44 | | | 75 | 1674 |
| NOV | 30 | 44 | | | 74 | 1600 |
| DEC | 31 | 44 | | | 75 | 1525 |

L4, P-1-05
A) Claim HSD. Not Elig
for ACI 14 w. Mouse
for GED 7/02.

| YEAR 08 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | 44 | | | 75 | 557 |
| FEB | 29 | 44 | | | 73 | 484 |
| MAR | 31 | 44 | | | 75 | 409 |
| APR | 30 | 44 | | | 74 | 335 |
| MAY | 31 | 44 | | | 75 | 260 |
| JUNE | 30 | 44 | | | 74 | 186 |
| JUL | 31 | 44 | | | 75 | 111 |
| AUG | 31 | 44 | | | 75 | 36 |
| SEP | 14 | 22 | | (0) | 36 | 0 |
| OCT | 31 | | | 2710 ⟨-2710⟩ 2679 | 2679 |
| NOV | 30 | 0 | | | 30 | 2649 |
| DEC | 31 | 0 | | | 31 | 2618 |

A: Discharg/Rebill
9-14-08
B) 8590 Cruise
-2710 credit

| YEAR 07 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | 44 | | | 75 | 1450 |
| FEB | 28 | 44 | | | 72 | 1378 |
| MAR | 31 | 44 | | | 75 | 1303 |
| APR | 30 | 44 | | | 74 | 1229 |
| MAY | 31 | 44 | | | 75 | 1154 |
| JUNE | 30 | 44 | | | 74 | 1080 |
| JUL | 31 | 44 | | | 75 | 1005 |
| AUG | 31 | 44 | | | 75 | 930 |
| SEP | 30 | 44 | | | 74 | 856 |
| OCT | 31 | 44 | | | 75 | 781 |
| NOV | 30 | 44 | | | 74 | 707 |
| DEC | 31 | 44 | | | 75 | 632 |

| YEAR 09 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | | | | 31 | 2587 |
| FEB | 28 | | | | 28 | 2559 |
| MAR | 31 | | | | 31 | 2528 |
| APR | 30 | | | | 30 | 2498 |
| MAY | 31 | | | | 31 | 2467 |
| JUNE | 30 | | | | 30 | 2437 |
| JUL | 31 | | | | 31 | 2406 |
| AUG | 31 | | | | 31 | 2375 |
| SEP | 30 | | | | 30 | 2345 |
| OCT | 31 | | | | 31 | 2314 |
| NOV | 30 | | | | 30 | 2284 |
| DEC | 31 | | | | 31 | 2251 |

Exhibit 2

DOC NUMBER **413607** LAST NAME **OLIVER**     FIRST NAME **Ralph**     MIDDLE INITIAL _____

| YEAR 10 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | 2253 REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | | | | 31 | 2222 |
| FEB | 28 | | | | 28 | 2194 |
| MAR | 31 | | | | 31 | 2163 |
| APR | 30 | | | | 30 | 2133 |
| MAY | 31 | | | | 31 | 2102 |
| JUNE | 30 | | | | 30 | 2072 |
| JUL | 31 | | | | 31 | 2041 |
| AUG | 31 | | | | 31 | 2010 |
| SEP | 30 | | | | 30 | 1980 |
| OCT | 31 | | | | 31 | 1949 |
| NOV | 30 | | | | 30 | 1919 |
| DEC | 31 | | | | 31 | 1888 |

| YEAR 12 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | | | | 31 | 1492 |
| FEB | 29 | | | | 29 | 1463 |
| MAR | 31 | | | | 31 | 1432 |
| APR | 30 | | | | 30 | 1402 |
| MAY | 31 | | | | 31 | 1371 |
| JUNE | 30 | | | | 30 | 1341 |
| JUL | 31 | | | | 31 | 1310 |
| AUG | 31 | | | | 31 | 1279 |
| SEP | 30 | | | | 30 | 1249 |
| OCT | 31 | | | | 31 | 1218 |
| NOV | 30 | | | | 30 | 1188 |
| DEC | | | | | | |

| YEAR 11 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | 31 | | | | 31 | 1857 |
| FEB | 28 | | | | 28 | 1829 |
| MAR | 31 | | | | 31 | 1798 |
| APR | 30 | | | | 30 | 1768 |
| MAY | 31 | | | | 31 | 1737 |
| JUNE | 30 | | | | 30 | 1707 |
| JUL | 31 | | | | 31 | 1676 |
| AUG | 31 | | | | 31 | 1645 |
| SEP | 30 | | | | 30 | 1615 |
| OCT | 31 | | | | 31 | 1584 |
| NOV | 30 | | | | 30 | 1554 |
| DEC | 31 | | | | 31 | 1523 |

| YEAR 13 | TIME SERVED | EARNED | LOST | OTHER | MONTH NET | REMAINING |
|---|---|---|---|---|---|---|
| JAN | | | | | | |
| FEB | | | | | | |
| MAR | | | | | | |
| APR | | | | | | |
| MAY | | | | | | |
| JUNE | | | | | | |
| JUL | | | | | | |
| AUG | | | | | | |
| SEP | | | | | | |
| OCT | | | | | | |
| NOV | | | | | | |
| DEC | | | | | | |

Exhibit 9
Page 1 of 1

MEMORANDUM

DATE:

TO:   *Oliver, Ralph*   , DOC# *413607*

FROM: *Ancilla MONDEN,   Records*

RE:      TIME CALCULATION AUDIT

On *10/25/12* your file was audited and the following correction was made:

Credits were awarded/(removed) in the amount of *2710* days for the following reason(s):

*The Tulsa county Court filed an "Information sheet" on CF 2001-1429 stating all three counts, crime occurred between the dates of 5-1-99 and 2-5-01. Therefore, I confirmed with Jim Rabon the Administrator of Sentence Admin. and Offender Records that the crimes fall under the 85% rule. Ct. 1 at 85% date is 12-1-2013.*

For additional information refer to Department of Corrections' policies OP-060211, Sentence Administration, and OP-060213, Earned Credit Classes.

cc:   Field File, Section 2
      Jim Rabon

DO NOT PURGE

**Exhibit 2**

Exhibit 10
Page 1 of 1

## Ancilla Monden

| | |
|---|---|
| **From:** | Jim Rabon |
| **Sent:** | Thursday, October 25, 2012 11:53 AM |
| **To:** | Ancilla Monden |
| **Subject:** | RE: Ralph Oliver 413607 |

When the information sheet charges someone with a crime that includes a range of dates we use the last date to determine whether or not they fall under the 85% rule. What is written on the CRC is incorrect. The state courts computer system, OSCN, has an entry for "Date of Offense". However, only one date can be seen, so when there is a range of dates, you can only find that out by the Information Sheet. Review the J&S to determine if it refers to him only being convicted for crimes on a specific date. I doubt that there is such information on the J&S. Next, check with the county to see if the original Information Sheet was ever amended. If it was we need a copy to see if they changed the dates they allege the crimes occurred. I looked at OSCN and it does not appear the information sheet was ever amended. However, OSCN is not always reliable which I why the court clerk needs to be contacted. If you cannot find that he was only convicted for crimes that occurred prior to March 1, 2000, then these counts are to be under the 85% rule.


Jim Rabon, Administrator
Sentence Administration and Offender Records Unit
Oklahoma Department of Corrections
3400 M. L. King Ave., PO Box 11400
Oklahoma City, OK  73136-0400
Phone:  405-425-2615
Cell: 405-590-1181
FAX:  405-425-2608


**From:** Ancilla Monden
**Sent:** Thursday, October 25, 2012 10:49 AM
**To:** Jim Rabon
**Subject:** Ralph Oliver 413607

Jim,
I have a note written in Pencil on a CRC saying, "not 85% due to date of crime 1999". Just want to make sure of this.
I have an Original Information sheet that reads for all three counts, "between 05-01-99 and 02-05-01, did commit the crime of sexually abusing a minor child.
So  if the crime was committed during a time frame like this and started before the 85% rule date (3/2000) would he not be serving 85%?


Thanks

*Ancilla Monden*, Records Officer
Joseph Harp Correctional Center
16161 Moffat Rd
P.O. Box 548
Lexington, OK. 73051
Phone: 405-527-5593 ext. 3435.
Fax: 405-527-4887

1

**Exhibit 2**

Exhibit 11
Page 1 of 1

IN THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

CF 2001 1429

STATE OF OKLAHOMA,
COUNTY OF TULSA,

DISTRICT COURT
**FILED**

MAR 0 9 2001

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

NO.

INFORMATION

10-7115

THE STATE OF OKLAHOMA
Plaintiff,

vs.

RALPH OLIVER
Defendant.

BE IT REMEMBERED:

That TIM HARRIS, the duly elected and qualified DISTRICT ATTORNEY FOR TULSA COUNTY, OKLAHOMA, who prosecutes in the name and by the authority of the STATE OF OKLAHOMA, comes now into the District Court of Tulsa County, State of Oklahoma, and gives the Court to understand and be informed that:

(Count 01)

**RALPH OLIVER**, between 05-01-99 and 02-05-01, in Tulsa County, State of Oklahoma and within the jurisdiction of this Court, did commit the crime of **SEXUALLY ABUSING A MINOR CHILD**, a felony, by unlawfully, feloniously, willfully, maliciously and intentionally, sexually abuse one DIANA SIALAIGA, a child under the age of 18, to-wit: 15 years of age, and did then and there sexually abuse said child by touching her buttocks and feelings her nipples. This incident occurred at 5107 E 45th St, Tulsa, Tulsa County, Oklahoma. While the chlid was under the care and custody of the defendant,

(Count 02)

**RALPH OLIVER**, between 05-01-99 and 02-27-01, in Tulsa County, State of Oklahoma and within the jurisdiction of this Court, did commit the crime of **SEXUALLY ABUSING A MINOR CHILD**, a felony, by unlawfully, feloniously, willfully, maliciously and intentionally, sexually abuse one MELISSA OLIVER, a child under the age of 18, to-wit: 14 years of age, and did then and there sexually abuse said child by touching her on her breasts and buttocks and touching her vagina with his hand and asking her to "suck his dick". This incident occurred at 5107 E 45th St, Tulsa, Tulsa County, Oklahoma. While the chlid was under the care and custody of the defendant,

(Count 03)

**RALPH OLIVER**, between 05-01-99 and 02-27-01, in Tulsa County, State of Oklahoma and within the jurisdiction of this Court, did commit the crime of **SEXUALLY ABUSING A MINOR CHILD**, a felony, by unlawfully, feloniously, willfully, maliciously and intentionally, sexually abuse one JOAN OLIVER, a child under the age of 18, to-wit: 10 years of age, and did then and there sexually abuse said child by touching her nipples and asking her to put her mouth on his penis and touching her on her vaginal area. This incident occurred at 5107 E 45th St, Tulsa, Tulsa County, Oklahoma. While the chlid was under the care and custody of the defendant,

contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State.

TIM HARRIS, District Attorney

By _____
Assistant



Time Sheet
For the Month of :     October 31, 2017

Exhibit 12
Page 1 of 1

Current Days Remaining Report for:     413607     OLIVER,RALPH

Case Supervisor:   JAMES,TISHA

Housing Unit:   NFCC-UNIT E-POD NORTH-CELL 260-BED B01

CRF #   2001-1429      Counts: 2

| Effective date | Time Served | Earned | Lost | Other | Month Net | Days Remaining |
|---|---|---|---|---|---|---|
| 30 SEP 2017 | | | | | | 4405 |
| 31 OCT 2017 | 31 | 0 | 0 | 0 | 31 | 4374 |

Comments:  gcac

**Exhibit 2**

Exhibit 13
page 1 of 1

## REQUEST TO STAFF

TO: _Records_   FACILITY/UNIT: _JHCC/A-1_   DATE: _9-4-08_
(NAME AND TITLE OF OFFICER)

I Have____ Have Not _✓_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date:_____ Facility:_____ Grievance#:_____
I affirm that I Do____ Do Not _✓_ have a grievance pending on this issue.
I affirm that I Do____ Do Not _✓_ have a lawsuit of any type pending or planned that relates in any way to this
issue. If lawsuit pending, indicate case number:_____
This request does____does not _✓_ relate to a pending misconduct report. If it does, this request may only
be answered by the investigator assigned to the misconduct.

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must
be specific as to the complaint, dates, places, personnel involved, and how you were affected. Only one issue
or incident is permitted per "Request to Staff." Your failure to specifically state your problem may result in
this being returned unanswered.

_My time sheet says 31 Aug 2008 that
I have 36 days remaining, please tell me when
my next count starts._

### (USE OTHER SIDE IF MORE SPACE IS NEEDED)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly
should be done and how. _Please tell me when my next
count starts. Thank you._

NAME: _OLIVER, RAlph_   NUMBER: _413607_ UNIT & CELL NUMBER: _A-1-118_
PRINT:
SIGNATURE: _Ralph Oliver_   WORK ASSIGNMENT: _AWOLY_

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:
_9-14-08._

_Cathy Massey_   _9-11-08_
STAFF MEMBER   DATE

**Exhibit 2**

DOC 090124D(5/07)
JHCC - 002

**Offender Grievance Process**
**REQUEST TO STAFF**

Exhibit 14
page 1 of 1

TO: _Records/Ancilla Monden_   FACILITY/UNIT: _J.H.CC/E-1_   DATE: _11-30-12_
(NAME AND TITLE OF STAFF MEMBER)

I have ☒ have not ✓ already submitted a "Request to Staff" or grievance on this same issue.

If yes, what date: _____ facility: _____ grievance #: _____

I affirm that I do ___ do not ✓ have a grievance pending on this issue.
I affirm that I do ___ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number: _____
This request _____ does ✓ does not relate to a pending misconduct report. If it does, this request may only be answered by the investigator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

_Please there is a misunderstanding of your info sheet on CF 2001-1429 is dated 3-9-2001, is not a J and S, and was written 11 months before my conviction, my jury trial was 1-7-2002 - 1-14-2002, and my sentenceing was 2-27-2002, date of offense 5-1-1999, statute 1085.7115, One-Third (Crime Committed on or after July 1998) 57O5.322.7B Please confirm and restore my credits and 1/3% please. thank you_

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how. _Please, confirm my Judgment and Sentence and restore my credits, 1/3% and please send me a copy, please. Thank you._

NAME: _Oliver, Ralph_   DOC NUMBER: _413607_ UNIT & CELL NUMBER: _E-1-2 06_
(PRINT)

SIGNATURE: _Ralph Oliver_   WORK ASSIGNMENT: _E-1 Brass_

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:

_As you were told by Records Office Monden your Information Sheet state your crimes on count 1 of your cases were committed between 5-1-99 and 2-5-01 count 2 and 3 were committed between 5-1-99 and 2-27-01 per statute state to these crimes are 85% crimes because they were committed after 3-1-2000. I am _____ your information sheet and the response from Record administrator Jim Robson, concerning the validity of using the 85% statute. This will be the final correspondence _____ this question. The Request to Staff in regards to this will be co _____ and his _____

STAFF MEMBER   DATE

1. Original to file
2. Copy to offender

DOC 090124D (R 9/09)

Exhibit 2

_06_

HCC – 002

NORTH FORK CORRECTIONAL CENTER
RECEIVED

JUL 20 2017
LAW LIBRARY

*Exhibit 15*
*page 1 of 2*

NORTH FORK CORRECTIONAL CENTER
RECEIVED

JUL 24 2017
RECORDS

**Must Be Submitted Through the Law Library or Designee**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

TO: _Inmate Record Officer_   FACILITY/DIST/UNIT: _NFCC_   DATE: _7-19-17_
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not _X_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: ___ N/A ___ facility: __N/A__ grievance #: _N/A_
I affirm that I do ___ do not _X_ have a grievance pending on this issue.
I affirm that I do ___ do not _X_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _N/A_
This request ____ does _X_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

My CASE, CASE NO. CF-2001-1429, in which its commencement occurred 5-1-1999 is NOT AN 85% case. Your office removal of all my statutory earned credits days changing of my Rebill date to have me complete 85% of Case No. CF-2001-1429 is incorrect. The 85% LAW of title 21 O.S. § 12.1 and 13.1 did NOT take effect until 3-15-2000, therefore your assessment

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.) (other side)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how. Recredit all my statutory earned credit days properly by ~~your~~ your office reauditing/readjusting my teams.

NAME: _Oliver, Ralph_   DOC NUMBER: _413607_ UNIT & CELL NUMBER: _EN-260_
(PRINT)
SIGNATURE: _Ralph Oliver_   WORK ASSIGNMENT: _NA_

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
This was addressed on 12-10-12. Nothing has changed, you are 85%.

STAFF MEMBER _SOrmand_   DATE _7-24-17_

RETURNED
JUL 25 2017
LAW LIBRARY

Date response sent to inmate: _____
1. Original to file

**Exhibit 2**

Exhibit 15
page 2 of 2

that my term was an 85% crime is incorrect. Your office needs to Reaudit my case, Recrediting all my statutory earned credit days properly.

**Exhibit 2**

*Exhibit 16*
*page 1 of 2*

## INMATE/OFFENDER GRIEVANCE

Grievance no. _____

Grievance code: _____

Response due: _____

---

**DO NOT WRITE ABOVE THIS LINE**

Date  **7-31-2017**               Facility or District  **NFCC**

Name  **Ralph Oliver**            Facility Housing Unit  **FN-260**
     (Print)

ODOC Number  **413607**          Date "Request to Staff" response received: **7/25/17**

Have you previously submitted a grievance on this same issue? **V** If yes, what date **3-23-2016** facility **CCF**, grievance # **16-089**. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. *On 7/19/17 sent A RTS to Inmate Records officer in Regards to the improper Assessment of my case, I explained to the Records that the events alleged occurred 5/1/99, although I was tried and convicted in 2001. That my case is Not 85% case and Records removal of all my statutory credits was incorrect.* (8th ovsr)

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance. *Inmate Records officer 7/19/17 requesting the return of my statutory earned credits for my case is Not 85% case. 7/24/17 Records denied request for relief*

3. The action you believe the reviewing authority may lawfully take. *Return all statutory earned credits for my case is Not 85%*

Grievance report sent to (warden/district supervisor/correctional health services administrator):

**Jimmy Martin**                      **Warden**
Name                                   Title

**Ralph Oliver**
Signature of Grievant                  Date Sent to Reviewing Authority

1. Original to file
2. Copy to inmate/offender

*DOC 090124A (R 7/16)*

**Exhibit 2**

Exhibit 16
Page 2 of 2

The 85% did not start until March 15, 2000 And. Records improperly Assessment of my 5/1/99 case is Not under 85% rule. Failure to correct this error will cause me to be held past my correct discharge date if not adjusted or corrected. see Spradling v Maynard 527 F. Supp. 398 (1981)

**Exhibit 2**

Exhibit 17
Page 1 of 2

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: Ralph Oliver          DOC Number: 413607

Facility Where Offense/Grievance Occurred: N F C C

Offense Code: N/A

Date of misconduct violation: N/A

☐ Facility Misconduct Appeal Number N/A     ☒ Facility Grievance Appeal Number 17-141

I received the response of the reviewing authority at the facility on: 8/14/17

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☐ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☒ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

The error committed here is that the crime commencement alleged to have occurred was 5/1/99 which was not classed by Legislative law as 85%. That at first the Record Officer classed the crime as being NON 85% and several months later classed it as an 85% case and removed all statutory earned credits assessed for the reduction. I had challenged the removal of all earned credit and the new classification as being 85%. The error here (OVER)

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

Signature of Inmate                    Date  8-16-17

DOC 060125V (R 4/17)

**Exhibit 2**

Exhibit 17
Page 2 of 2

is that NFCC Record Officer's refusal and Facility Reviewing Authority failed consider the law at time on 5/1/99 rendered CASE A NON 85% which entitled me to Class Level credits reduction. That the current denial of Statutory credits owed prolongs my incarceration detention wrongfully and if Not correct would hold me past release date due the improper Assessment of days.

Therefore, NFCC's refusal to correct the improper Assessment and calculation is an incorrect Assessment under Statutory Law and ODOC Policy and procedure. The denial should be reversed and my time calculation be corrected to Reflect the reduction of days earned each Month.-

**Exhibit 2**

Exhibit 18
Page 1 of 1



JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

NFCC 17-141

Date:        SEPTEMBER 5, 2017

To:          OLIVER, RALPH #413607

Location:    NFCC

From:        Mark Knutson, Director's Designee   *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

_____ 1.  No facility head response to the grievance
_____ 2.  No informal action, "Request to Staff" response
_____ 3.  Out of time from date of alleged incident until filing request to staff.
_____ 4.  Out of time from date of response to request to staff until filing the grievance with facility head.
_____ 5.  Received out of time from date of facility head response
_____ 6.  You cannot appeal a non-response. See OP-090125 section IV.C.11 or V.C.4.
_____ 7.  Inmate on grievance restriction and/or proper documentation not included.
_____ 8.  Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins.
_____ 9.  Attachments to the grievance/appeal (no additional pages allowed except affidavit if required)
_____ 10. Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections, etc.)
_____ 11. More than 1 issue - only 1 issue allowed per grievance/Request to Staff
_____ 12. Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the facility an opportunity to respond.
_____ 13. Requests for disciplinary action against staff will not be addressed in the grievance process.
_____ 14. Appeal form not signed/dated.
_____ 15. Grievances shall not be submitted requesting monetary compensation.
__X__ 16. The ruling of the Administrative Review Authority or Director's Designee is final.
_____ 17. Facility grievance number not listed on the appeal form.
_____ 18. Additional issues submitted in the grievance appeal and not presented in the initial grievance to the facility head for response, will not be addressed by this office.
_____ 19. You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance and/or properly resubmit. **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.**
_____ 20. You did not provide the date that you received the reviewing authority's response on the appeal form.
_____ 21. This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred
_____ 22. You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.
_____ 23. Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125V effective 11/15).
_____ 24. You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.**
__X__ 25. Other:  YOU EXHAUSTED YOUR ADMINISTRATIVE REMEDIES CONCERNING THIS ISSUE ON 4/18/16. DO NOT RESUBMIT.

THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: _Rph Oliver_  _9-8-17_
                                              Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

**Exhibit 2**

Exhibit 19
Page 1 of 2

NORTH FORK CORRECTIONAL CENTER
RECEIVED

NORTH FORK CORRECTIONAL CENTER
RECEIVED

FEB 0 7 2020

**Must Be Submit** Page 1 of 2 **Law Library or Designee**
Inmate/Offender Grievance Process
**REQUEST TO STAFF**

FEB 0 5 2020

LAW LIBRARY

RECORDS

Law Records Dept. _____   FACILITY/UNIT: _NFCC/EN_   DATE: 2-5-2020
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not _✓_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ____ do not _✓_ have a grievance pending on this issue.
I affirm that I do ____ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request _____ does _✓_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On 1-31-2020, I received, from the Tulsa County District Court a stamped certified copy of the "disposition information" which includes the "Date of offense" pursuant to 22 O.S. § 977 A.4. This stamped certified copy of the "disposition information" shows specifically the (over)

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Contact the Tulsa County District Court office (attn: trusty clerk) to receive your own copy of the "disposition information" as required by law (57 O.S. § 37). Change my Date of Offense to the correct date, of 5-1-1999, so my (over)

NAME: _Ralph Oliver_   DOC NUMBER: _413607_   UNIT & CELL NUMBER: _EN-160_
(PRINT)
SIGNATURE: _Ralph Oliver_   WORK ASSIGNMENT: _4 ORDERLY_

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
We can only use information and dates on the judgement and Sentence. The disposition of information is not dates we use.

_[signature]_ CPO   2/7/2020
STAFF MEMBER          DATE

RETURNED
FEB 1 0 2020

LAW LIBRARY

Rec'd by Oliver
on 2-12-2020

Date response sent to inmate/offender: _____
1. Original to file
2. Copy to inmate/offender

DOC 090124D (R 4/15)

**Exhibit 2**

Exhibit 19
Page 2 of 2

Date of Offense as 5-1-1999. This is in conflict with what D.O.C. has recorded as my date of offense for my crimes. Therefore, my rights for earned credits, ~~earn~~ parole hearings and release as stated in 57 O.S. §138 are being denied. Pursuant to 57 o.s. §37 it is D.O.C.'s responsibility to contact the District Court to verify information if there is "inaccurate information from the sentencing court."

· If you would like to view my Tulsa county District Court stamped certified copy ~~of the~~ (dated January 29, 2020) of the disposition information please call me down.

Action Requested (continued)

earned credits, parole hearings and release will be returned and calculated correctly. Based on the Date of Offense of 5-1-1999. (Pursuant to 57 O.S. § 138)

**Exhibit 2**

# INMATE/OFFENDER GRIEVANCE

*Exhibit 20*
*Page 1 of 2*

Grievance no. _____

Grievance code: _____

Response due: _____

---

**DO NOT WRITE ABOVE THIS LINE**

Date __2-18-2020__          Facility or Unit __NFCC__

Name __Ralph Oliver__          Facility Housing Unit __EN-260__
      (Print)

DOC Number __413607__     Date "Request to Staff" response received: __2-12-2020__

Have you previously submitted a grievance on this same issue? __No__ If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.    The nature of your complaint.  This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected.  One issue or incident per grievance.  Use backside of this page only, if necessary. On 2-5-2020, I submitted a "Request to staff" (RTS) to the Records Dept. by way of the Law Library. The RTS basically stated that I had received information from the Tulsa County ~~court~~ District Court that proves my "date of offense" as 5-1-1999. This information is from a stamped certified docket sheet that list the "date of offense" (over)

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

On 2-5-2020, I submitted a "Request to staff" (RTS) to the Records Dept. (See attached)

3.    The action you believe the reviewing authority may lawfully take. Contact the Tulsa County District Court to verify my "date of offense" is 5-1-1999, as required by law 57 O.S. § 37. Change my date of offense to the correct date of 5-1-1999 in the D.O.C record system, so my Earned credits, Parole hearings and release dates will be returned and calculated correctly.

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name __Jimmy Martin__          Title __Warden__

__Ralph Oliver__          __2-18-2020__
Signature of Grievant          Date Sent to Reviewing Authority

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

**Exhibit 2**

Exhibit 20
page 2 of 2

as 5-1-1999 and the crime committed as 10 O.S. § 7115.
10 O.S § 7115 was effective on 5-1-1999, but not on 2-5-01 or
2-27-01. This 'date of offense' is in direct conflict
with what D.O.C. has recorded. Subsequently, I am
being denied Earned Credits, Parole hearings and being released
in accordance with the law 57 O.S. § 138. In addition,
the crime I was convicted under did not become a Violent 85%
crime as identified in 12 O.S. § 12.1 until after 3-1-2000,
well after my correct 'date of offense' of 5-1-1999.
Therefore, D.O.C needs to confirm with the District Court
as to what the correct 'day of offense' is. This is required
by 57 O.S. § 37 which states in part if there is "inaccurate
Information from the sentencing court" D.O.C. needs to verify
the information. "Inaccurate" would also include missing.
My action Requested on the RTS simply requested that
DOC contact the Tulsa County District Court to confirm
the 'date of offense' and then correct it in the system.
On 2-2-2020, a staff member responded by stating, "We can
only use information and dates on the Judgement and Sentence, the
disposition of information is not dates we use." I received this
response on 2-12-2020. The records department then needs
to confirm the dates on my Judgment and Sentence (J+S).
Because my J+S is silent on this issue. If the J+S is
silent on the issue, as mine is, where does DOC receive
the Information? Pursuant to the law D.O.C. needs to contact
the courts (57 O.S. § 37). D.O.C. cannot use the information
from the District Attorney's Information sheet, as that is not
determined by the Jury/Courts; its only a suggested 'date
of offense (see 22 O.S. § 977). By D.O.C. randomly choosing
a "date of offense", from a non-court document, lengthens my
sentence by a substantial amount of time; denying me of
due process and is prohibited by the constitution (USCA XIV).
This is similiar to an ex-post facto violation (USCA Art 1 § 9).
Pursuant to 22 O.S. § 1514 (6) DOC's mission is to ... keep
accurate records.

**Exhibit 2**

Exhibit 21
Page 1 of 1

# INMATE/OFFENDER GRIEVANCE

Grievance no. _____

Grievance code: _____

Response due: _____

**DO NOT WRITE ABOVE THIS LINE**

Date __3-23-2020__    Facility or District __NFCC__

Name __Ralph Oliver__    Facility Housing Unit __EN-260__
   (Print)

ODOC Number __413607__    Date "Request to Staff" response received: __N/A__

Have you previously submitted a grievance on this same issue? __No__ If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.    The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On 2-18-2020, ☒ At 9:00 am, I, Ralph Oliver submitted an inmate/offender Grievance form to Jimmy Martin, the Warden at NFCC, by way of Paula Bethea, the law library supervisor. As of the date of this inmate/offender Grievance I have not received a response.

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

On 2-18-2020, I submitted an inmate/offender Grievance form to Warden Jimmy Martin. See Attached

3.    The action you believe the reviewing authority may lawfully take.

Please have Warden Jimmy Martin respond to my inmate/offender Grievance.

Grievance report sent to (warden/district supervisor/correctional health services administrator):
__Mark Knudson__    __ARA Designee__
Name    Title    __3-23-2020__
__Ralph Oliver__
Signature of Grievant    Date Sent to Reviewing Authority

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

**Exhibit 2**

NORTH FORK CORRECTIONAL CENTER
RECEIVED

Exhibit 22
Page 1 of 2

**Must Be Submit** Page 1 of 2    **Law Library or Designee** MAR 16 2020

NORTH FORK CORRECTIONAL CENTER
RECEIVED

**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**    RECORDS

MAR 11 2020

TO: _Records Dept._____    FACILITY/UNIT: _NFCC_    DATE: _3-11-2020_
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not _✓_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ___ do not _✓_ have a grievance pending on this issue.
I affirm that I do ___ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request _____ does _✓_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:**    State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

_I need a copy of the "Reception Information" form dated_
_March 15, 2002; time stamped at 10:19 am; form no. OMS0002D._
_I also need a copy of the "commitment order" D.O.C. created on_
_the computer. Pursuant to DOC OP-060212 XIII C  (over)_
(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

_Please notify me as to how I go about requesting and paying_
_for these documents. (To whom do I make the disbursement order_
_payable to: and to whom do I submit give the disbursement_
_order to:)_

NAME: _Ralph Oliver_____    DOC NUMBER: _413607_ UNIT & CELL NUMBER: _EN-260_
(PRINT)

SIGNATURE: _Ralph Oliver_____    WORK ASSIGNMENT: _Unassigned_

**DO NOT WRITE BELOW THIS LINE**

**DISPOSITION:**

_Your commitment information is all from your J&S you must_
_request from the county. I do not know what the "Reception_
_Information" form is that you requested. Get a policy number._

RECEIVED

_CPS Ferguson_    _3/16/20_    APR 02 2020

STAFF MEMBER    DATE    LAW LIBRARY

Date response sent to inmate/offender: _____
1. Original to file
2. Copy to inmate/offender

**Exhibit 2**

Exhibit 22
Page 2 of 2

I am allowed copies for 25¢ a page.

**Exhibit 2**

NFCC NORTH FORK CORR... TIONAL CENTER
RECEIVED
JUN 2 4 2020
LAW LIBRARY

Exhibit 23
Page 1 of 1

ARA 20-214

Copy

**Must Be Submitted Through the Law Library or Designee**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

TO: _Scott Crow/Director D.O.C._  FACILITY/UNIT: _NFCC_  DATE: _6-24-2020_
    (NAME AND TITLE OF STAFF MEMBER)

I have ____ have not __✓__ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ____ do not __✓__ have a grievance pending on this issue.
I affirm that I do ____ do not __✓__ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request ____ does __✓__ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

_On 3-23-2020, at 8:11am, I put an inmate/offender grievance (DOC 090124A)_
_form, along with supporting documents in the prison mail box; addressed_
_to the ARA Designee Mark Knutson, P.O. Box 11400, Oklahoma City,_
_OK 73136. Several colleagues witnessed me depositing this letter_

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.) _(over)_

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

_Answer my inmate/offender grievance form dated_
_3-23-2020._

NAME: _Ralph Oliver_  DOC NUMBER: _443667_ UNIT & CELL NUMBER: _EN-260_
      (PRINT)
SIGNATURE: _Ralph Oliver_  WORK ASSIGNMENT: _Unassigned_

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION: _See the attached_
             _ARA response._                RECEIVED

                                            JUN 2 6 2020
_____         _6/26/20_         ADMINISTRATIVE
STAFF MEMBER           DATE               REVIEW
                                         AUTHORITY

Date response sent to inmate/offender: _____
1. Original to file
2. Copy to inmate/offender                    DOC 090124D (R 1/19)

**Exhibit 2**

SCOTT CROW
DIRECTOR



Exhibit 24
Page 1 of 1

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA

OKLAHOMA DEPARTMENT OF CORRECTIONS

ADMINISTRATIVE REVIEW AUTHORITY

ARA 20-214

Date:       JUNE 26, 2020

To:         OLIVER, RALPH #413607

Location:   NFCC

From:       Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     | |
|---|-----|---|
| | 1. | No reviewing authority response to the grievance. |
| | 2. | No informal action, Request to Staff response included. |
| | 3. | Out of time from date of alleged incident until filing Request to Staff. |
| | 4. | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
| | 5. | Received **out of time** from date of the reviewing authority's response. |
| | 6. | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
| | 7. | Inmate on grievance restriction and/or proper documentation **not** included. See OP-090124, section X.B.2.a. |
| | 8. | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins. |
| | 9. | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
| | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
| | 11. | More than one issue or the complaint and relief requested are not addressed on the Request to Staff and grievance. |
| | 12. | Not of a sensitive nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. Emergency grievances must be submitted to the reviewing authority. See OP-090124, section IX.A. |
| | 13. | Requests for disciplinary action against staff **or monetary compensation** will not be addressed in the grievance process. |
| | 14. | Appeal form not **signed/dated.** |
| | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
| | 16. | Facility grievance number not listed on the appeal form. |
| | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
| | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit. **YOU ARE NOW OUT OF TIME.** |
| | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form. |
| | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
| | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
| | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125V effective 4/19). |
| | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance or appeal which must be received in ARA within ten (10) days of receipt of this form. DO NOT RETURN THIS FORM WITH YOUR **CORRECTED APPEAL.** |
| X | 24. | Other:   RE:  REQUEST TO STAFF.  THIS OFFICE HAS NO RECORD OF RECEIVING ANY CORRESPONDENCE FROM YOU.  INCIDENTALLY, YOU ARE OUT OF TIME TO ADDRESS THE ISSUE OF A NON-RESPONSE REGARDING A GRIEVANCE SUBMITTED IN FEBRUARY. |

I acknowledge receipt of this response:_____

Inmate's signature and date



**Exhibit 2**

In Re:

# SWORN AFFIDAVIT

Exhibit 25
Page 1 of 2

State of Oklahoma        )
                          ) ss.
County of Beckham        )

I, Ralph Oliver, whom resides at Unit EN – 260, North Fork Correctional Center, 1605 East Main Street, Sayre, Oklahoma 73662, make this Sworn Statement under penalty of perjury:

1. That I am a resident of the State of Oklahoma and I am over the age of eighteen (18) years and am qualified to make this statement.

2. That I have personal knowledge of the facts set forth in this Affidavit.

3. I state under penalty of perjury under the laws of the State of Oklahoma Title 12 O.S. 2002 § 426 that the statements contained herein are true and correct.

4. I sent a "Request to Staff," dated 2-5-20, to the Record Dept. This "Request to Staff" basically stated that DOC needed to update their sentencing records from the Tulsa County District Office.

5. I sent an "Inmate / Offender Grievance Form," dated 2-18-20, to the NFCC Warden,  This Inmate / Offender Grievance Form basically stated that DOC needed to update their sentencing records from the Tulsa County District Office.

6. I sent an "Inmate / Offender Grievance Form," dated 3-23-20, addressed to the ARA in Oklahoma City, PO. Box 11400.  This Inmate / Offender Grievance Form basically stated that it had been over 30 days and the Warden had not answered the Inmate / Offender Grievance Form of 2-18-20.

7. In the latter part of 2019, I spoke with my case manager about my sentencing.  She allowed me to hand copy the information displayed on her computer.  As indicated in Exhibit 30, I

1

**Exhibit 2**

hand copied computer form number OMS0002D from the DOC computer recorded keeping application.

| Exhibit 25 |
| Page 2 of 2 |

Dated this: _9-9-2020_ .          /s/ _____
                                        Signature

Subscribed and Sworn to before me this _9_ day of _September 2020_

                                        _____
                                        NOTARY PUBLIC

My Commission Expires: _9-28-2024_

My Commission Number is: _12009205_

**Exhibit 2**

**In Re:**

# SWORN AFFIDAVIT

| Exhibit 26 |
|---|
| Page 1 of 2 |

State of Oklahoma          )
                           ) ss.
County of Beckham          )

   I, Kent Savage, #646862, whom resides at Unit EN -170, North Fork Correctional Center (NFCC), 1605 East Main Street, Sayre, Oklahoma 73662, makes this Sworn Statement under penalty of perjury:

1. That I am a resident of the State of Oklahoma and I am over the age of eighteen (18) years and am qualified to make this statement.

2. That I have personal knowledge of the facts set forth in this Affidavit.

3. I state under penalty of perjury under the laws of the State of Oklahoma Title 12    O.S. 2002 § 426 that the statements contained herein are true and correct.

4. I assisted Ralph Oliver, in preparing his "Request to Staff," dated 2-5-20.  This Request to Staff basically stated that DOC needed to update their sentencing records from the Tulsa County District Office.

5. I assisted Ralph Oliver, in preparing his "Inmate / Offender Grievance Form," dated 2-18-20, to the NFCC Warden and witnessed him hand it to the Law Library Supervisor on 2-18-20.  This Inmate / Offender Grievance Form basically stated that DOC needed to update their sentencing records from the Tulsa County District Office.

6. I assisted Ralph Oliver, in preparing his "Inmate / Offender Grievance Form," dated 3-23-20, addressed to the ARA in Oklahoma City, PO. Box 11400.  I also witnessed him deposit the same into the Prison Unit Mailbox.  This Inmate / Offender Grievance Form basically stated that it had been over 30 days and the Warden had not answered the Inmate / Offender Grievance Form of 2-18-20.

1

**Exhibit 2**

7.  I have had three (3) separate "Inmate / Offender Grievance Forms" from three different issues sent to the NFCC warden that have not been answered dated, 12-18-19 (resubmitted 3-4-20), 11-22-19 (resubmitted on 1-31-20), and 3-13-20.  All three of the Inmate / Offender Grievance Forms have also been sent to the ARA at P.O. Box 11400, Oklahoma City.  No Response has ever been received.

> Exhibit 26
> Page 2 of 2

Further, Affiant Sayeth Naught:

Dated this: ___9/4/2020___.                    /s/ ___Kent Savage___
                                                    Signature

Subscribed and Sworn to before me this _9_ day of _Sept_, 20_20_

                                               ___Paula Bethea___
                                               NOTARY PUBLIC

My Commission Expires: _9-28-2024_

My Commission Number is: _12009205_

2

**Exhibit 2**

Exhibit 27
page 1 of 2

| Section-06 Classification | OP-060211 | Page: 11 | Effective Date: 07/18/2017 |
|---|---|---|---|

D.   Conditions Where Credits Are Restricted or Not Awarded

1.   Offenses in which the law requires an inmate serve a minimum portion of the sentence before being eligible for release.

      a.   Effective November 1, 1988, inmates convicted of Racketeering Activities under 22 O.S. Section 1401, the Oklahoma Corrupt Organizations Act, must serve one-half (1/2) of their sentence before becoming eligible for work release, house arrest, PPCS, parole, or release from confinement on any other basis. Sentencing under this act can be identified by a Judgment and Sentence utilizing the language "racketeering" of "racketeering activity."

      b.   Effective March 1, 2000, 21 O.S., Section 13.1 provided that inmates who are convicted of certain crimes must serve eighty-five percent (85%) of their sentence of imprisonment before becoming eligible for parole consideration and shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than 85% of the sentence imposed. Therefore inmates serving a sentence for any of the crimes listed below committed on or after March 1, 2000 are eligible to earn credits during the first 85% percent of the sentence; however, said credits will not be applied towards the sentence until the inmate has served 85% of said sentence. The affected crimes are:

Abuse (other than sexual abuse), neglect or exploitation by a caretaker, 21 O.S. § 843.1 (eff. 6/5/2001)

Abuse of a vulnerable adult who is a resident of a nursing facility, 43A O.S. Section 10-103 (eff. 3/8/2002).

Aggravated assault and battery upon any person defending another person from assault and battery (eff. 11/1/2011).

Arson I, 21 O.S. § 1401 (eff. 3/1/2000)

Assault and Battery with a Deadly Weapon, 21 O.S. § 652 (eff. 7/1/2001)

Assault with Intent to Kill, 21 O.S. § 653 (eff. 7/1/2001)

Bombing, 21 O.S. § 1767.1 (eff. 3/1/2000)

Burglary I, 21 O.S. § 1436 (eff. 3/1/2000)

Child Abuse, 21 O.S. § 843.5 (eff. 3/1/2000)

Child Pornography, 21 O.S. §§ 1021.2, 1024.1 (eff. 3/1/2000)

Child Prostitution, 21 O.S. § 1030; (eff. 3/1/2000)

Conjoint Robbery, 21 O.S. § 800 (eff. 7/1/2001)

**Exhibit 2**

Exhibit 27
Page 2 of 2

| Section-06 Classification | OP-060211 | Page: 12 | Effective Date: 07/18/2017 |
|---|---|---|---|

Forcible Sodomy, 21 O.S. § 888 (eff. 3/1/2000)
Lewd Molestation of a Child, 21 O.S. § 1123 (eff. 3/1/2000)
Manslaughter I, 21 O.S. § 711 (eff. 7/1/2001)
Murder I, 21 O.S. § 701.7 (eff. 3/1/2000)
Murder II, as defined in 21 O.S. § 701.8 (eff. 7/1/2001)
Parental Consent to Child Pornography, 21 O.S. § 1021.3 (eff. 3/1/2001)
Poisoning with Intent to Kill, 21 O.S. § 651 (eff. 7/1/2001)
Rape I, 21 O.S. § 1115 (eff. 3/1/2000)
Robbery I, 21 O.S. § 797 (eff. 7/1/2001)
Robbery with a Dang. Weapon, 21 O.S. § 801 (eff. 3/1/2000)
Sexual Abuse by a Caretaker, 21 O.S. 843.1 (eff. 6/2/2008)
Shooting with Intent to Kill, 21 O.S. § 652 (eff. 7/1/2001)
Use of a Vehicle to Facilitate Use of a Firearm, Crossbow or other Weapon, 21 O.S. § 652 (eff. 7/1/2001)

Inmates whose Judgment and Sentences reflect they have been convicted of an "attempt" to commit an 85% crime are not subject to the 85% restriction and are eligible to earn credits toward the service of their entire sentence. (Robertson v JCCC, HC-2005-768 (OCCA 2006); Day v State, F-2007-526 (OCCA 2008) unpublished However, this does not apply to the crimes of: Attempt to Kill, 21 O.S. § 652; and attempts to damage, injure, or kill with the Possession, Use, Manufacturing or Telephone Threat of Incendiary Device or Bomb, 21 O.S. § 1767.1, as these statutes describe crimes in which the term "attempt" is an element of the crime.

c.   Effective April 16, 1982, inmates sentenced under the 1982 amendment to 21 O.S. Section 801, serving at least their third felony conviction for Robbery or Attempted Robbery With a Dangerous Weapon or Imitation Firearm, will not be eligible for good time credits for a period of ten years from reception, minus jail time. Section 801 contains two paragraphs. The first paragraph describes the crime and its punishment; the second paragraph provides for an enhanced sentence with no earned credits for ten years. Unless the commitment document specifies sentencing under the enhancement provision of the statute, the sentence will fall under the first paragraph. To determine enhancement under Section 801, the commitment document will be reviewed for any of the following:

(1)   A statement indicating enhancement under 21 O.S. Section 801;

**Exhibit 2**

**Inmate Request**

**Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form:** Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

**This form is not utilized for exhaustion of administrative remedies; you must use the "Request to Staff" for those issues.**

TO: _Susan Davidson_     Facility/Unit: _NFCC_     Date: _9/21/18_
(Name/Title of Staff Member)

**SUBJECT:** State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

_I am requesting my legal order to be reviewed, according to my certified docket my crime was committed on May 1, 1999. According to Title 21.8.12.1 I would only be 85% if my crime was committed on or after March 1st, 2000. Why am I not receiving my GCC's and level credits for my time? Why am I under a 85% date?_

Name: _Oliver, Ralph_     DOC # _413607_     Unit & Cell # _EN-260_
(Print)

Signature: _Ralph Oliver_     Work Assignment: _____

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION: _A determination was made in 2012 by Sentence Administration that your crime is an 85% crime. Unless there has been a change since then & documentation is provided by the court to us, the 85% sentence is final._

_Lela Reese, CRO_     _9/24/18_
Staff Member     Date

DOC 030101A
(R 2/17)

Exhibit 28
Page 1 of 1

**Exhibit 2**

Facility Copy

# Notification of Parole Consideration Date

Form 008-1
(7-98)

Exhibit 29
Page 1 of 1

**Name:** RALPH    OLIVER    **Date:** 11/15/2007

**DOC Number:** 413607    **Facility:** JHCC

**Parole Docket:** AUGUST 2008

## Parole docket date is based upon:

- [ ] T/S 50 percent of sentence
- [x] One-Third (Crime committed on or after July 1, 1998) 57 O.S.322.7B
- [ ] T/S 75 percent of sentence
- [ ] T/S 85 percent of sentence
- [ ] One-Third of the sentence
- [ ] Three or more incarcerations for three or more felonies, which requires you to serve the lesser of one-third or ten years (57 O.S. 332.7 B.)
- [ ] Three or more convictions for robbery, which requires you to serve ten years (21 O.S. 801)
- [ ] Convictions for racketeering, which requires you to serve one-half of the sentence (22 O.S. 1404)

### Annual from:
- [ ] Escape return
- [ ] Return / Rebill to parole violation
- [ ] Return from PPCS for program failure
- [ ] Last favorable consideration
- [ ] Other:

### No Docket:
- [ ] Projected Discharge within 180 days
- [ ] Delayed Sentencing Program
- [ ] Sentence Suspended upon program completion
- [ ] Parole Violation-less than 28 months to serve
- [ ] Sentence of Life without parole
- [ ] Death Sentence

### Denial:
- [ ] Annual
- [ ] Two Years
- [ ] Three Years
- [ ] Four Years
- [ ] Five Years
- [ ] No Redocket
- [ ] One-third
- [x] Prior to Discharge

### Waiver:
- [ ] Annual
- [ ] Two Years
- [ ] Three Years
- [ ] One-third
- [ ] Prior to Discharge

## Reason For This Docketing:
- [ ] Initial Docketing
- [ ] Rebill
- [ ] Jail Time Modification
- [ ] Escape Redocket
- [ ] Delayed CC
- [ ] CS case

- [ ] Detainer
- [ ] Appeal
- [ ] Audit
- [x] Other    BOARD DENIAL

## Missing Information:
- [ ] Jail Time
- [ ] FBI Abstract
- [ ] OSBI Abstract
- [ ] Other

Comments:

**Exhibit 2**

Date: MAR-15-02 10:19AM

Exhibit 30
Page 1 of 2

OMSOOO2D

## Oklahoma Department of Corrections
## Reception Information

Name: Ralph Oliver

DOC Number: 413607   DOB: 11-6-63   Gender: Male   Race: White

Return Type: New Reception          Classifion Track: 4

SSN: 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       FBI:                OSBI:

County of Sentence   CRF #   Reception Date   Jail Time   DRC
                                                                              12
Tuls                    2001-1429   03-15-2002   377 Days

Comment: Denies Priors // Claims Juv Arr Hawaii 22 yrs Ago // Claims Appeal Cases in Tulsa Credit for Time Served; Run Cs with each other // Not 85% - Crime Occured May 1, 1999/ Complete Sex off TRT Prog @ JHCC NO Judicial Review

Offense Ct CS                         Release Date   Years Months Days

711510    1 N   Sexually Battery a Minor Child incd 02-19-16, 15   0   0
  "   "    2 Y   "      "     "     "     "      " INCD 2-18-2031   15
  "   "    3 Y   "      "     "     "     "      INC 02-17-2046 15   0   0

Exhibit 2

Case 5:20-cv-01018-G   Document 1-2   Filed 10/06/20   Page 61 of 61

Oklahoma Department of Corrections:   OMS0002D

**Reception Information**

Page: 1

Exhibit 30
Page 2 of 2

Name : RALPH   OLIVER

DOC Number :   413607         DOB :   11-06-1963       Gender : Male      Race :   White

Return Type:   NEW RECEPTION                                        Classification Track:   4

SSN:  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              FBI:                       OSBI:

| County of Sentence | CRF Number | Reception Date | Jail Time | | DRC |
|---|---|---|---|---|---|
| TULS | 2001-1429 | 03-15-2002 | 377 | Days | 12 |

Comment:DENIES PRIORS// CLAIMS JUV ARR HAWAII 22 YRS AGO// CLAIMS APPEAL CASES IN TULSA/
CREDIT FOR TIME SERVED; RUN CS WITH EACH OTHER// NOT 85%- CRIME OCCURED MAY 01.
1999/ COMPLETE SEX OFF TRT PROG @ JHCC NO JUDICIAL REVIEW

| Offense | Ct | CS | | | | Release Date | Years | Months | Days |
|---|---|---|---|---|---|---|---|---|---|
| 7115 10 | 1 | N | SEXUALLY BATTERY A MINOR CHILD | | INC | 02-19-2016 | 15 | 0 | 0 |
| 7115 10 | 2 | Y | SEXUALLY BATTERY A MINOR CHILD | | INC | 02-18-2031 | 15 | 0 | 0 |
| 7115 10 | 3 | Y | SEXUALLY BATTERY A MINOR CHILD | | INC | 02-17-2046 | 15 | 0 | 0 |

**Exhibit 2**