UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RALPH OLIVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-1018-G |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner Ralph Oliver, a pro se state prisoner, initiated this action in the District Court of Beckham County, Oklahoma, on September 17, 2020. Respondents[1] removed the action to this Court on October 6, 2020, and the Court referred the matter to Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636(b)(1). For the reasons stated herein, the Court determines that it lacks subject-matter jurisdiction over the action and remands the matter to the state court. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (explaining that courts have a duty to inquire into their own jurisdiction).

  I.  *Background*

Petitioner styled his state-court pleading as a "Petition of Writ of Mandamus (12 OS §1451 et seq) and/or Habeas Corpus (12 OS § 1331 et seq)." *See* Pet. (Doc. No. 1-2). The

---

[1] Identified in the pleading are: Oklahoma Department of Corrections ("ODOC"); ODOC Director Scott Crow; Tonia Dickerson, Manager of Sentence Administration; Jimmy Martin, North Fork Correctional Center ("NFCC") Warden; and Stephanie Ormand, NFCC Records Officer.

pleading alleges that Respondents—including the Oklahoma Department of Corrections ("ODOC") and certain ODOC employees—erroneously applied the eighty-five percent rule to his sentence and revoked his earned time credits.[2] The pleading alleges violations of Petitioner's rights under the Seventh and Fourteenth Amendments to the United States Constitution, as well as violations of certain state constitutional and statutory rights and ODOC policies. The pleading requests relief in the form of a writ of mandamus under title 12, section 1451 of the Oklahoma Statutes and a writ of habeas corpus under title 12, section 1331 of the Oklahoma Statutes. *See* Pet. at 13-14. The pleading never references a federal cause of action, be it under 42 U.S.C. § 1983, 28 U.S.C. §§ 2241 or 2254, or otherwise.

Respondents assert in their 28 U.S.C. § 1441 Notice of Removal that this Court has original jurisdiction under 28 U.S.C. § 1331 because the petition alleges a violation of Petitioner's Seventh and Fourteenth Amendment rights. Respondents do not reference a specific federal cause of action as the basis for removal, though they later contended in a motion to dismiss that the claims should be construed under 42 U.S.C. § 1983. *See* Resp'ts'

---

[2] The eighty-five percent rule, codified at title 21, section 12.1 of the Oklahoma Statutes, prescribes:

> A person committing a felony offense listed in Section 30 of this act on or after March 1, 2020, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

Okla. Stat. tit. 21, § 12.1 (footnote omitted).

Mot. to Dismiss (Doc. No. 9) at 7 n.3 ("Although not explicitly stated in Plaintiff's Complaint, claims such as those alleged by Plaintiff are properly brought pursuant to 42 U.S.C. § 1983.").

## II.     Subject-Matter Jurisdiction

Section 1441(a) of title 28 of the United States Code allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because the parties to this action are not diverse, the Court has jurisdiction over the matter only if it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Suits generally "arise[] under the law that creates the cause of action"; thus, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted).[3]

Here, Petitioner expressly framed his claims under Oklahoma law, namely sections 1331 and 1451 of title 12 of the Oklahoma Statutes. Thus, state law rather than federal law

---

[3] Alternatively, a suit may arise under federal law within the meaning of § 1331 when "the plaintiff's right to relief requires resolution of a substantial question of federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). This is a "special and small category of cases," however, in which claims present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947-48 (10th Cir. 2014) (omission and internal quotation marks omitted). A substantial question of federal law is not present where, as here, the claim is "fact-bound and situation-specific." *Id.* (internal quotation marks omitted) ("[T]he recognition of substantial question jurisdiction does not disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." (internal quotation marks omitted)).

created Petitioner's chosen causes of action.  *See* Pet. at 1, 3-4, 13-14.  In making this determination, the Court is governed by "the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law."  *Schmeling*, 97 F.3d at 1339 (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Significantly, "[t]he plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available."  *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (providing that a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law")); *see Merrell Dow Pharms.*, 478 U.S. at 809 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (explaining that a defendant may not "rewrite a plaintiff's properly pleaded claim in order to remove it to federal court").

Further, federal-question jurisdiction "exists only where there is a 'colorable' claim arising under federal law."  *McKenzie v. U.S. Citizenship & Immigr. Servs.*, 761 F.3d 1149, 1156 (10th Cir. 2014).  A claim is not colorable if it "is so insubstantial, implausible, foreclosed by prior decisions of [the Tenth Circuit], or otherwise completely devoid of merit as not to involve a federal controversy."  *Id.* at 1156-57 (internal quotation marks omitted).  Though Respondents suggest that Petitioner's claims arise under 42 U.S.C. § 1983, the pleading does not present a colorable § 1983 claim because Petitioner's requested relief is a reduction in the duration of his confinement.  *See* Pet. at 13-14.  The Supreme Court and the Tenth Circuit have specifically held that "§ 1983 is not available when a state prisoner seeks a release from or reduction of confinement."  *Richards v. Bellmon*, 941 F.2d

4

1015, 1018 (10th Cir. 1991); *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (recognizing that a claim by a state prisoner challenging the fact or duration of his confinement is not cognizable under § 1983).

For these reasons, the Court determines that it lacks subject-matter jurisdiction over the action.

## CONCLUSION

Under 28 U.S.C. § 1447(c), a case "shall be remanded" if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Accordingly, the Court REMANDS this matter to the District Court of Beckham County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the clerk of the state court to which this matter is remanded. The Magistrate Judge's Report and Recommendation (Doc. No. 12) is hereby DEEMED MOOT.

IT IS SO ORDERED this 28th day of September, 2021.

_____
CHARLES B. GOODWIN
United States District Judge